ORDERED.

Dated:  January 17, 2025

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re:<br>The Center for Special Needs Trust Administration,<br>    Debtor.<br>_____ | Case No. 8:24-bk-00676-RCT<br><br>Chapter 11 |
| Michael Goldberg, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration,<br>    Plaintiff,<br>v.<br><br>Boston Finance Group, LLC and Leo J. Govoni,<br>    Defendants.<br>_____/ | Adv. Pro. 8:24-ap-00139-RCT |

**AMENDED[1] FINAL JUDGMENT
AS TO COUNTS I AND II OF THE DVERSARY COMPLAINT**

As described in the Court's Order granting Plaintiff's Motion for Summary Judgment (Doc. 44), the Court finds that Plaintiff is entitled to judgment on both Counts I and II of the adversary complaint. Accordingly, it is **ORDERED, ADJUDGED AND DECREED:**

(1)  Judgment is hereby entered in favor of Plaintiff Michael Goldberg, as Chapter 11 Trustee of the estate of Debtor, and against Defendant Boston Finance Group,

---

[1] Amending Doc. 47 to properly identify Defendant Boston Finance Group, LLC.

    LLC in the amount of $88,065,957.13 in principal and $32,258,433.94 in interest under the Loan Documents, totaling $120,324,391.07 in damages as to Count I. Additionally, Defendant Boston Finance Group, LLC must pay all reasonable attorney's fees and costs incurred in collecting under the promissory note, which the Court reserves jurisdiction to determine.

(2) Judgment is hereby entered in favor of Plaintiff Michael Goldberg, as Chapter 11 Trustee of the estate of Debtor, and against Defendant Leo J. Govoni in the amount of $88,065,957.13 in principal and $32,258,433.94 in interest under the Loan Documents, totaling $120,324,391.07 in damages as to Count II.

(3) For the reason stated in the Court's Order granting Plaintiff's Motion for Summary Judgment (Doc. 44), the Court expressly finds that it is appropriate to enter a partial final judgment under rule 54(b).

(4) This Court does not retain jurisdiction to issue post-judgment enforcement orders or writs. Enforcement of this judgment shall be through the appropriate state court.

Clerk's Office to serve.