ORDERED.

Dated: February 05, 2025

*Roberta A. Colton*
Roberta A. Colton
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| In re: | Case No. 8:24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Chapter 11 |
| Debtor. | |
| MICHAEL GOLDBERG, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc. | Adv. No. 8:24-ap-00139-RCT |
| Plaintiff, | |
| v. | |
| BOSTON FINANCE GROUP, LLC, a Florida limited liability company and LEO J. GOVONI, an individual, | |
| Defendants. | |

## AGREED ORDER GRANTING PRELIMINARY INJUNCTION

THIS PROCEEDING is before the Court on the *ex parte* emergency motion for entry of a temporary restraining order (the "Motion") filed by Michael Goldberg, the Chapter 11 Trustee (Doc. 42). The Court having considered the Motion and materials submitted therewith, and based

upon the Court granting summary judgment on the issue of damages in favor of Plaintiff against Defendants Leo J. Govoni ("Govoni") and Boston Finance Group LLC ("BFG," together with Govoni, the "Defendants"), the Court finds that the Plaintiff is likely to succeed on the merits.

Furthermore, the record before the Court in the Main Case and all related adversary proceedings, in tandem with the materials submitted with the Motion, including the Declarations of the Chapter 11 Trustee and his counsel, demonstrate a substantial likelihood that, absent a preliminary injunction, the TRO Entities (as defined below) will otherwise transfer or dissipate assets purchased with estate funds, and these transfers will irreparably injure the Debtor's estate and its creditors.

On January 13, 2025, the Court entered a Temporary Restraining Order ("TRO") with respect to the Defendants and over 100 "Alter Ego Entities" described on Exhibit A to that TRO (Doc. 45). Subsequently, the Court set a hearing (the "Hearing") to consider the conversion of that TRO into a preliminary injunction for January 21, 2025 (Doc. 50).

Notice of entry of the TRO and the Hearing (Docs. 56 and 57) was provided to the Defendants and the Alter Ego Entities on January 13, 2025, and January 17, 2025, respectively.

On January 27, 2025, the Court entered (i) Order Extending Temporary Restraining Order with respect to the TRO Entities through and including February 3, 2025 (the "Extended TRO") (Doc. 59) and (i) Order Granting Preliminary Injunction with respect the Alter Ego Entities (Doc. 60).

The Court set a continued hearing (the "Continued Hearing") to consider the conversion of Extended TRO into a preliminary injunction for February 3, 2025 (Doc. 59).

The prospective harm to the Debtor's estate and its creditors outweighs the prospective harm to the TRO Entities. The Plaintiff has shown a likelihood of entitlement to either all or a

substantial portion of the TRO Entities' assets. The TRO Entities are minimally harmed by an inability to control assets to which the Debtor is likely entitled to and to which TRO Entities likely lack entitlement. Therefore, and upon the agreement of the parties, it is

**ORDERED**:

1. The Extended TRO is hereby converted to a Preliminary Injunction with respect to the following TRO Entities:

    a. Judgment Debtors, Boston Finance Group, LLC and Leo J. Govoni (the "Judgment Debtors");

    b. Boston Asset Management Inc. ("BAM");

    c. Global Litigation Consultants LLC ("GLC"); and

    d. Big Storm Brewing Co., Big Storm Brewery LLC, Big Storm Canteen LLC, Big Storm Cape Coral LLC, Big Storm Coffee Company LLC, Big Storm Creamery LLC, Big Storm Distilling Company LLC, Big Storm Pasco LLC, Big Storm Pinellas LLC, Big Storm Real Estate LLC (collectively, the "Big Storm Entities", and together with the Judgment Debtors, BAM and GLC, the "TRO Entities").

2. Effective as of the date of this Order, the TRO Entities — as well as anyone acting on their behalf or in concert or participation with them — are preliminarily enjoined from directly or indirectly encumbering, liquidating, transferring, spending, diminishing, or otherwise disbursing the assets of any of the TRO Entities or Alter Ego Entities.

3. The injunctive relief granted pursuant to this Order expires at 5:00 p.m. (ET) on April 4, 2025, but can be further extended upon a showing of good cause.

4. Based on the legal and equitable arguments raised by the Plaintiff and the relatively short duration of the injunctive relief in this Order, no grant of security is required by the Plaintiff pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.[1]

---

[1] Fed. R. Civ. P. 65 is made applicable to this proceeding by Fed. R. Bankr. P. 7065.

5.      To the extent any of the TRO Entities are: 1) not associated with the Defendants; 2) need to enter a transaction that is enjoined by this Order; and/or 3) for any other valid reason, such TRO Entity can seek relief from this Order on an expedited basis.

6.      Subsequent to the entry of this Order, notice of it will be provided to the TRO Entities as soon as practicable.

7.      The Motion and this Order comply with all requirements of Rule 65 of the Federal Rules of Civil Procedure.

8.      Based upon the agreement to entry of this Order, the Continued Hearing is canceled.

9.      The Court shall conduct a further hearing on the Motion on **Friday, April 4, 2025, at 9:30 a.m.** at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Courtroom 8A, Tampa, FL 33602.

Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance, no later than 3:00 p.m. one business day before the date of the hearing. To register click the link below or manually enter the following web address into a browser:

https://www.zoomgov.com/meeting/register/vJItcOGopjMpG2gRKyn-ipk6SXFBnivGTDA#/registration.

All participants, whether attending in person or remotely, must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

Steven R. Wirth, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.