ORDERED.

Dated: March 10, 2025

_____
Roberta A. Colton
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

| | |
|---|---|
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Case No. 8:24-bk-00676-RCT[1] Chapter 11 |
| Debtor. | |
| MICHAEL GOLDBERG, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc. | Adv. No. 8:24-ap-00139-RCT |
| Plaintiff, | |
| v. | |
| BOSTON FINANCE GROUP, LLC, a Florida limited liability company and LEO J. GOVONI, an individual, | |
| Defendants. | |

## AGREED ORDER GRANTING CHAPTER 11 TRUSTEE'S EMERGENCY MOTION TO COMPEL

This matter came before the Court, without a hearing, on the agreement of the parties as to the Emergency Motion to Compel filed by the Chapter 11 Trustee (Doc. 69) (the "Motion"). The Court having considered the Motion and materials submitted therewith, it is

---

[1] For purposes of citation to the record, the related bankruptcy case shall be referred to as the "Main Case."

**ORDERED**:

1. The Motion (Doc. 69) is **GRANTED**, and all materials responsive to same must be disclosed, as more particularly described below, within ten (10) days of the entry of this Order.

2. Defendants shall produce all documents in their possession, custody, or control that are responsive to the Rule 2004 Examination Subpoena *Duces Tecum* issued by the Chapter 11 Trustee on September 6, 2024 (Main Case, Docs. 341 and 342), within ten (10) days of the entry of this Order, including the following (the "Outstanding Documents"):

   (i) Any and all federal, state, or local income tax returns prepared by you (or on your behalf) for the years 2018, 2019, 2020, 2021, 2022, 2023, and 2024.

   (ii) All documents related to any insurance claim made during the Requested Period involving any property owned by you, the Debtor, or any insider of the Debtor.

   (iii) All documents regarding the ownership of any property (personal or real) described on the "Personal Financial Statement that you previously provided to Chapter 11 Trustee's counsel.

   (iv) All bank, savings and loan, brokerage, crypto holdings, 401K, IRA, any other retirement accounts, and other account books and statements for accounts in institutions in which you, the Debtor, or any of the Debtor's insiders had any legal or equitable interest during the Request Period.

   (v) All canceled checks issued or received during the Request period, for all accounts in which you, the Debtor, or any of the Debtor's insiders held any legal or equitable interest.

   (vi) All deeds, leases, mortgages, or other written instruments evidencing any of your interest in or ownership of any real property at any time during the Request Period.

   (vii) Bills of sale or other written evidence of the gift, sale, purchase, or other transfer of any personal or real property to or from you during the Request Period.

   (viii) Motor vehicle or vessel documents, including titles and registrations relating to any motor vehicles or vessels owned by you during the Request Period.

   (ix) All Financial statements as to your assets, liabilities, and owner's equity prepared during the Request Period.

   (x)   All final account statements from any "force-closed" account (including, without limitation, any bank, savings and loan, brokerage, crypto holdings, 401K, IRA, or any other retirement account) showing a zero balance including an accounting for the transfer of funds and identification of bank or brokerage accounts the remaining funds were transferred.

   (xi)   All life insurance policies, whole life, or cash surrender policies, during the Request Period.

   (xii)   All Financial statements for assets, liabilities, and owner's equity prepared during the Request Period.

   (xiii)   A list of all assets liquidated or pledged since February 9, 2024.

3.    All Alter Ego Entities, as defined in Exhibit A of the Temporary Restraining Order ("TRO") (Doc. 45 at 5–10), shall provide responses to the subpoenas directed at the Alter Ego Entities by the Chapter 11 Trustee between June of 2024 and December of 2024 (collectively, the "Subpoenas") within ten (10) days of the entry of this Order. (Main Case, Docs. 261, 274, 300, 334, 344, 354, 366, 372, 425, and 445).

4.    Defendants and all Alter Ego Entities shall comply in full with the conditions and terms agreed upon amongst counsel on January 17, 2025 (the "Agreement"), within ten (10) days of the entry of this Order, including:

- providing the undersigned with a full accounting,
- accepting service of any unserved Subpoenas,
- facilitating compliance with the Subpoenas (to the extent possible),
- fact information sheets by the Defendants,
- completing a chart of LLC membership interests (identifying the names and percentages of every Alter Ego Entity),

5.    Defendants and the TRO Entities (as applicable), as defined in this Court's Order Extending TRO (Doc. 59 ¶ 4(d)), shall produce monthly operating report(s) for the months of January and February 2025 within ten (10) days of the entry of this Order.

4

      6.      Nothing herein impacts or infringes any ability to assert any privilege including the fifth amendment privilege or any objection based on the fifth amendment privilege or any applicable privilege.

      7.      The hearing on the Motion scheduled for March 10, 2025, at 1:00 p.m. is canceled.

      8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

John L. Dicks, II, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.