ORDERED.

Dated:  March 19, 2025

_____
Roberta A. Colton
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,

    Debtor.
_____/

Case No. 8:24-bk-00676-RCT
Chapter 11

MICHAEL GOLDBERG, as Chapter 11 Trustee
of the estate of Debtor, The Center for
Special Needs Trust Administration, Inc.

    Plaintiff,

v.

BOSTON FINANCE GROUP, LLC, a Florida limited
liability company and LEO J. GOVONI, an
individual,

    Defendants.
_____/

Adv. No. 8:24-ap-00139-RCT

**ORDER APPOINTING THE RISING GROUP CONSULTING, INC.**
**AS CHIEF RESTRUCTURING OFFICER FOR CERTAIN**
**NON-DEBTOR AFFILIATES AND AUTHORIZING ITS EMPLOYMENT**

    This matter came before the Court, without a hearing, on the agreement of the parties as to

the Chapter 11 Trustee's Agreed Motion to Appoint and Employ The Rising Group Consulting,

Inc. as Chief Restructuring Officer for Certain Non-Debtor Affiliates (Doc. 73) (the "Motion"). The Court having considered the Motion and materials submitted therewith, it is:

**ORDERED:**

1. The Motion (Doc. 73) is **GRANTED**.

2. The Rising Group Consulting, Inc. is appointed as the Chief Restructuring Officer ("CRO") of Big Storm Brewing Co., Big Storm Brewery LLC, Big Storm Canteen LLC, Big Storm Cape Coral LLC, Big Storm Coffee Company LLC, Big Storm Creamery LLC, Big Storm Distilling Company LLC, Big Storm Pasco LLC, Big Storm Pinellas LLC, and Big Storm Real Estate LLC (collectively, the "Big Storm Entities") pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.

3. The Rising Group, as CRO of the Big Storm Entities, is authorized and empowered to:

   a. assume financial control of the Big Storm Entities;

   b. be provided with unfettered access to all of the Big Storm Entities' books, records, and financial information;

   c. assume administrative control over all of the Big Storm Entities' information systems;

   d. take control of the Big Storm Entities' physical space (including the space used by the "Alter Ego Entities," as that term is used in the TRO) and be permitted to change the locks, lease it, or sell it;

   e. work closely with the Chapter 11 Trustee, with Mr. Joshua Rizack to serve as the primary point of contact for the Big Storm Entities to the extent a corporate representative is necessary;

   f. assume other responsibilities, with wide latitude in regards to what needs to be done for the Debtor and the Big Storm Entities, from a financial standpoint, in fulfillment of his role and title as "Chief Restructuring Officer of the Big Storm Entities," however, unless and until Court approval is obtained, he shall not be authorized to employ other estate professionals;

      g.  assist the Chapter 11 Trustee with investigating and reconstructing financial information to be used in connection with the bankruptcy case or otherwise; and

      h.  review all cash receipts and disbursement transactions for potential fraudulent or other improper transfers.

4. Joshua Rizack shall serve as the primary point of contact for the Big Storm Entities to the extent a corporate representative is necessary.

5. Leo Govoni, Boston Finance Group, LLC, the Big Storm Entities, and all of the "Alter Ego Entities" (as that term is defined in the Court's Temporary Restraining Order (Doc. 45) (collectively, the "Govoni Entities") are hereby ordered to cooperate with the Rising Group. Specifically, and without limitation, the Govoni Entities are ordered to turn over access to all bank accounts, accounting software, and payroll programs that pertain to the Big Storm Entities.

6. The Chapter 11 Trustee is authorized to employ Joshua Rizack as an estate professional pursuant to section 327 of the Bankruptcy Code in order to carry out his duties as CRO of the Big Storm Entities and be compensated accordingly.

7. Joshaua Rizack shall produce a monthly receivership report to the Chapter 11 Trustee to be produced in connection with the Debtor's monthly operating report.

8. The reasonableness of compensation will be determined later in accordance with 11 U.S.C. § 330. Any approved compensation will be paid solely out of the operations of the Big Storm Entities or the liquidation of the Big Storm Entities' assets.

9. All parties' rights are reserved to revisit Joshua Rizack's appointment and request review of his role in this case. As a fiduciary of the Debtor's estate, Rizack shall immediately report any conflicts of interest which arise from his appointment.

*Steven R. Wirth, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.*