# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| In re: | Case No. 8:24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Chapter 11 |
| Debtor. | |
| MICHAEL GOLDBERG, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc. | |
| Plaintiff, | |
| v. | Adv. Pro. No. 8:24-ap-00139-RCT |
| BOSTON FINANCE GROUP, LLC, a Florida limited liability company and LEO J. GOVONI, an individual, | |
| Defendants. | |

### CHAPTER 11 TRUSTEE'S EMERGENCY[1] MOTION FOR SANCTIONS, TO COMPEL LEO J. GOVONI TO APPEAR FOR SWORN TESTIMONY, AND FOR AUTHORIZATION FOR CHIEF RESTRUCTURING OFFICERS TO FORCIBLY ENTER PREMISES

Michael Goldberg, the Chapter 11 Trustee ("Chapter 11 Trustee"), by and through undersigned counsel, files this Motion (the "Motion") requesting entry of an order of sanctions against Leo J. Govoni and the "Alter Ego Entities,"[2] compelling Leo J. Govoni to appear for sworn testimony, and for authorization for the Chief Restructuring Officers to forcibly enter the premises

---

[1] For all of the reasons described in the prior motions that led to the appointment of the CROs, exigency continues to exist. Simply put, until he is stopped and made to comply with Court orders, Mr. Govoni will continue to fleece the most vulnerable members of society.

[2] As defined in Exhibit A of the Temporary Restraining Order ("TRO") (Doc. 45 at 5–10).

of the Alter Ego Entities for which they were appointed chief restructuring officers, and states the following:

1. On March 10, 2025, the Court entered an *Agreed Order Granting Chapter 11 Trustee's Emergency Motion to Compel,* requiring Mr. Govoni and the Alter Ego Entities to produce a number of documents by March 20, 2025. *See* Doc. 71.

2. As of the date of this Motion, however, they have produced nothing.

3. On March 19, 2025, the Court entered two orders, upon agreement of the parties. *See* Docs. 75 and 76.

4. One of those orders expanded the role of William A. Long Jr. and NPerspective Advisory Services, LLC, to become Restructuring Advisor and Chief Restructuring Officer of certain Alter Ego Entities, as defined in the Order and the motion it granted. *See* Doc. 76.

5. The other order appointed The Rising Group Consulting, Inc. as Chief Restructuring Officer for certain Non-Debtor Affiliates, as defined in the Order and the motion it granted, specifically including Big Storm Real Estate, LLC, among others. *See* Doc. 75.

6. In each of the CRO Orders, the appointed CRO was empowered to "take control of the Companies' physical space, and be permitted to change the locks*." See* Doc. 75 at ¶ 3(d); Doc. 76 at ¶ 5(c). And Mr. Govoni and the Alter Ego Entities were ordered to "fully cooperate" with the CROs. *See* Doc. 75 at ¶ 5; Doc. 76 at ¶ 7.

7. On March 24, 2025, however, both CROs went to the building located at 12707 49th St. N. Clearwater, FL 33762, which is owned by Big Storm Real Estate, LLC, and which is where many of the Alter Ego Entities conduct their business. The doors were locked, but there were people inside. Eventually, someone came to the door and said that Mr. Govoni would not allow the CROs to the enter the premises.

**Certificate of Good Faith Conferral**

8.  Undersigned counsel for the Chapter 11 Trustee certifies that he has attempted to confer with two of Mr. Govoni's lawyers – Edward Peterson and Paul Sisco – by email and phone calls; but neither of the lawyers responded before this Motion was filed.

WHEREFORE, the Chapter 11 Trustee requests this Court enter an order: (i) imposing sanctions against Leo J. Govoni and the Alter Ego Entities, for willfully violating three Court Orders (all of which he agreed to comply with in the first place); (ii) ordering Mr. Govoni to appear for sworn testimony before the Court to explain his refusal to cooperate; (iii) allowing the CROs to forcibly enter the premises, as necessary to do their Court-appointed jobs; and (iv) granting whatever other relief the Court deems just and proper.

> Respectfully submitted,
>
> AKERMAN LLP
>
> By: */s/ John L. Dicks II*
> John L. Dicks II, Florida Bar No.: 89012
> Primary Email: john.dicks@akerman.com
> Secondary Email: judy.barton@akerman.com
> Steven R. Wirth, Florida Bar No.: 170380
> Email: steven.wirth@akerman.com
> Raye C. Elliott, Florida Bar No.: 18732
> Email: raye.elliott@akerman.com
> 401 East Jackson Street, Suite 1700
> Tampa, Florida 33602
> Telephone: (813) 223-7333
> Facsimile: (813) 223-2837
>
> *Counsel for Chapter 11 Trustee, Michael Goldberg*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on March 24, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record.

                                          */s/ John L. Dicks II*
                                          Attorney

80635651;1