ORDERED.

Dated:  March 26, 2025

_____
Roberta A. Colton
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| In re: | Case No. 8:24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Chapter 11 |
| Debtor. | |
| MICHAEL GOLDBERG, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc. | |
| Plaintiff, | |
| v. | Adv. No. 8:24-ap-00139-RCT |
| BOSTON FINANCE GROUP, LLC, a Florida limited liability company and LEO J. GOVONI, an individual, | |
| Defendants. | |

### ORDER GRANTING CHAPTER 11 TRUSTEE'S EMERGENCY MOTION FOR SANCTIONS, TO COMPEL LEO J. GOVONI TO APPEAR FOR SWORN TESTIMONY, AND FOR AUTHORIZATION FOR CHIEF RESTRUCTURING OFFICERS TO FORCIBLY ENTER PREMISES

This matter came before the Court at a hearing on March 25, 2025, on the *Chapter 11 Trustee's Emergency Motion for Sanctions, to Compel Leo J. Govoni to Appear for Sworn Testimony, and for Authorization for Chief Restructuring Officers to Forcibly Enter Premises*

(Doc. 77) (the "Motion"). The Court having heard the argument of counsel and considered the Motion, together with the record, it is

**ORDERED AND ADJUDGED**:

1. The Motion (Doc. 77) is **GRANTED**.

2. By no later than March 30, 2025, Mr. Govoni and the Alter Ego Entities must produce all documents to the Chapter 11 Trustee as set forth in the *Agreed Order Granting Chapter 11 Trustee's Emergency Motion to Compel* (Doc. 71).

3. The Chief Restructuring Officers – *i.e.* The Rising Group Consulting, Inc. (Joshua Rizack), Nperspective Advisory Services, LLC and William A. Long, Jr. – have exclusive control over the entities described in the respective motions (Docs. 75 & 76) and remain empowered to "take control of the Companies' physical space, and be permitted to change the locks" on all of the entities' real property, wherever located, including the buildings located at 12707 49th St. N. Clearwater, FL 33762, which are owned by Big Storm Real Estate, LLC (collectively, the "Premises"), and to take any and all other actions necessary to effectuate the relief granted pursuant to the this Court's prior orders appointing the CROs.

4. The Chief Restructuring Officers must be given unfettered access to the Premises, beginning on Thursday, March 27, 2025.

5. Effective immediately, Mr. Govoni is no longer permitted to access the Premises, or to remove or dispose of any assets; *provided, however,* his attorney may access the Premises with one of the CROs.

6. If Mr. Govoni fails to comply with this Order in any way, the Court may enter an Order to Show Cause why he should not be held in contempt.

7. By complying with this order and cooperating with the Chief Restructuring Officers, Mr. Govoni reserves and does not waive his Fifth Amendment privileges.

*John L. Dicks II Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.*

3