**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re: Case No. 8:24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., Chapter 11

Debtor.

---

MICHAEL GOLDBERG, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc.

Plaintiff,

v. Adv. Pro. No. 8:24-ap-00139-RCT

BOSTON FINANCE GROUP, LLC, a Florida limited liability company and LEO J. GOVONI, an individual,

Defendants.

---

**MOTION FOR ORDER TO SHOW CAUSE**

Michael Goldberg, the Chapter 11 Trustee ("Chapter 11 Trustee"), by and through undersigned counsel, files this Motion (the "Motion") for an order requiring Leo J. Govoni and the "Alter Ego Entities"[1] to show why they should not be held in contempt for violating the Court's Orders, and states the following:

1. On March 10, 2025, the Court entered an *Agreed Order Granting Chapter 11 Trustee's Emergency Motion to Compel,* requiring Mr. Govoni and the Alter Ego Entities to produce a number of documents by March 20, 2025 (the "First Order"). *See* Doc. 71. But Mr. Govoni and the Alter Ego Entities have not produced any documents since that First Order was entered.

---

[1] As defined in Exhibit A of the Temporary Restraining Order ("TRO") (Doc. 45 at 5–10).

2. On March 26, 2025, the Court entered an *Order Granting Chapter 11 Trustee's Emergency Motion for Sanctions, to Compel Leo J. Govoni to Appear for Sworn Testimony, and for Authorization for Chief Restructuring Officers to Forcibly Enter Premises* (the "Second Order") [Doc. 81], setting a deadline of March 30, 2025 (or Monday, March 31); but Mr. Govoni and the Alter Ego Entities have not produced any documents since that Second Order was entered.

3. Mr. Govoni did send a letter to chambers, but that letter was rejected due to violations of Court protocol. Even if that letter had been filed properly, it would be woefully inadequate to address the Court's requirements and discharge the obligations of Mr. Govoni and his companies.

4. As of the date of this Motion, Mr. Govoni and the Alter Ego Entities have not produced anything to the Chapter 11 Trustee.[2] The outstanding document requests are detailed in the Chapter 11 Trustee's March 6, 2025 motion to compel [Doc. 69] and summarized here, to wit:

- timely production of fact information sheets by the Judgment Debtors (Govoni and Boston Finance Group, LLC);
- a full accounting of each operating entity (including the Big Storm Entities, Boston Asset Management, and Global Litigation Consultants);
- completing a chart of LLC membership interests owned by Govoni and Boston Finance Group, LLC;
- Any and all federal, state or local income tax returns prepared by Govoni, Boston Finance Group, LLC, Big Storm Entities, Boston Asset Management, and Global Litigation Consultants, and any Alter Ego Entity (collectively, the "Govoni Entities") for the years 2018, 2019, 2020, 2021, 2022, 2023, and 2024.
- All bank, savings and loan, brokerage, crypto holdings, 401K, IRA, any other retirement accounts, and other account books and statements for accounts in institutions in which any of the Govoni Entities had any legal or equitable interest during the Request Period.

[2] The Govoni Entities did produce some documents early in the case, when Trenam was representing them, but that production pre-dates (and has little to do with) the issues described in this Motion.

- All final account statements from any "force-closed" account (including, without limitation, any bank, savings and loan, brokerage, crypto holdings, 401K, IRA or any other retirement account) showing a zero balance including an accounting for the transfer of funds and identification of bank or brokerage accounts the remaining funds were transferred.

- All life insurance policies, whole life or cash surrender policies, during the Request Period.

- All Financial statements for assets, liabilities, and owner's equity prepared during the Request Period.

- A list of all assets liquidated or pledged since February 9, 2024.

5. In the Second Order, the Court held that "If Mr. Govoni fails to comply with this Order in any way, the Court may enter an Order to Show Cause why he should not be held in contempt."

WHEREFORE, the Chapter 11 Trustee requests this Court enter an Order to Show Cause and grant whatever other relief the Court deems just and proper.

Respectfully submitted,

AKERMAN LLP

By: *_/s/ John L. Dicks II_*

John L. Dicks II, Florida Bar No.: 89012
Primary Email: john.dicks@akerman.com
Secondary Email: judy.barton@akerman.com
Steven R. Wirth, Florida Bar No.: 170380
Email: steven.wirth@akerman.com
Raye C. Elliott, Florida Bar No.: 18732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

*Counsel for Chapter 11 Trustee, Michael Goldberg*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 2, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record.

*/s/ John L. Dicks II*