## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:                                                          Case No. 8:24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                     Chapter 11

_____ Debtor. _____

MICHAEL GOLDBERG, as Chapter 11 Trustee
of the estate of Debtor, The Center for
Special Needs Trust Administration, Inc.

          Plaintiff,

v.                                                              Adv. Pro. No. 8:24-ap-00139-RCT

BOSTON FINANCE GROUP, LLC, a Florida limited
liability company and LEO J. GOVONI, an
individual,

_____ Defendants. _____

### CHAPTER 11 TRUSTEE'S EXPEDITED SECOND MOTION TO EXPAND WILLIAM A. LONG JR. AND NPERSPECTIVE ADVISORY SERVICES, LLC'S ROLE AS RESTRUCTURING ADVISOR AND CHIEF RESTRUCTURING OFFICER AND SUPPLEMENTAL APPLICATION TO EXPAND SCOPE OF EMPLOYMENT

### (hearing requested for Friday April 4, 2025 at 9:30 a.m.)

Michael Goldberg, the Chapter 11 Trustee ("Chapter 11 Trustee"), through undersigned counsel, and pursuant to Sections 105, 327, 328, 330, and 363 of the Bankruptcy Code, hereby seeks an order expanding the scope of employment of Nperspective Advisory Services, LLC ("Nperspective") and William A. Long, Jr., and states:

### INTRODUCTION

Since the beginning of the case, Nperspective and Mr. Long have provided critical services to the Debtor and the special needs trust beneficiaries who rely on the Debtor. Mr. Long's access

to the entities under his administration was initially denied when, as detailed in the Chapter 11 Trustee's Emergency Motion for Sanctions, to Compel Leo J. Govoni to Appear for Sworn Testimony, and for Authorization for Chief Restructuring Officers to Forcibly Enter Premises (Adv. No. 77) (the "Motion for Sanctions"), on March 24, 2025, when Mr. Long went to the building located at 12707 49th St. N. Clearwater, FL 33762, which is owned by Big Storm Real Estate, LLC, and which is where many of the entities under Mr. Long's administration conduct their business. The doors were locked, but there were people inside. Eventually, someone came to the door and said that Mr. Govoni would not allow the Mr. Long and the CRO for the Big Storm Entities to the enter the premises.

The Court, on March 26, 2025 entered an Order granting the Motion for Sanctions (Doc. 81), which granted the CROs unfettered access to all property under their administration and further prohibited Mr. Govoni from access to the premises and/or to remove/dispose of any property (the "Sanctions Order"). However, on the very same day the Sanction Order was entered, Mr. Govoni was caught removing substantial property from the Big Storm location in Clearwater in direct violation of this Court's Orders, forcing the CRO to immediately secure the premises with the assistance of the Pinellas Park Police Department, to prevent Mr. Govoni's further dissipation of estate assets. We understand Mr. Govoni was instructed by counsel to return any removed property from the Big Storm location and that the CRO was ultimately successful in preventing any further removal of assets from the property; however, this egregious conduct underscores the need to extend the Preliminary Injunction immediately.

Upon Mr. Long's initial investigation of the premises, documents regarding additional entities directly connected to Mr. Govoni and the other entities under Mr. Long's administration were found in the offices of Mr. Govoni. The list of those additional entities, many of which are

2

the subject of the Court's Preliminary Injunction (Doc. 65), is attached hereto as Exhibit A (the "Additional Entities"). Upon Mr. Long's attempts to get control of accounts and funds related to these Additional Entities, the relevant financial institutions refused given that Mr. Long's authority did not extend to those entities. Through this Motion, the Trustee seeks to expand Mr. Long's role as CRO of the Additional Entities in order for Mr. Long to access accounts containing what the Trustee considers to be estate assets.

BACKGROUND

1.      On March 7, 2024, the Court entered an Order authorizing the Debtor to employ Mr. Long as CRO for the Debtor and Nperspective as a restructuring advisor, effective as of the Petition Date [Doc. 86] (the "Retention Order").

2.      On January 13, 2025, the United States Bankruptcy Court for the Middle District of Florida entered a Temporary Restraining Order (Adv, No. 45) (the "TRO").

3.      On February 6, 2025, the TRO was channeled into a Preliminary Injunction as to the "TRO Entities" preventing them from dissipating assets of what the Trustee has identified as the "Alter Ego Entities" which are listed in Exhibit A to the TRO. *See* Doc. 65.

4.      On March 19, 2025, at the request of the Trustee, Mr. Long's role as CRO and Nperspective's role as a restructuring advisor for the Debtor was expanded to three related entities: Global Litigation Consultants, LLC, Boston Settlement Group, LLC, and Boston Asset Management, Inc (Docs. 74 and 76).

5.      On March 26, 2025 the Court entered the Sanctions Order as a result of the obstruction caused by Mr. Govoni and his agents to Mr. Long's administration of the companies under his control.

80798937;1

## RELIEF REQUESTED

6.     By this Motion, the Chapter 11 Trustee seeks to further address violations of this Court's TRO and injunctions by expanding the scope of Nperspective and Mr. Long's employment, allowing them to serve in the same capacity for the Additional Entities as they already do for the Debtor. To that end, Nperspective and Mr. Long have agreed to do this work for the Additional Entities on the same terms set forth in their engagement agreement with the Debtor (which was attached as Exhibit A to the Retention Application and approved by the Court in the Retention Order). This motion also seeks Court approval of the expanded scope of Nperspective and Mr. Long's employment pursuant to Sections 327 and 328 of the Bankruptcy Code.

7.     Specifically, pursuant to the terms of the engagement agreement, as well as the Retention Order, Nperspective and Mr. Long should be empowered to:

  a. assume financial control of the Additional Entities, including access to and signature authority over the Additional Entities bank accounts;

  b. assume administrative control over all of the Additional Entities information systems;

  c. take control of the Additional Entities' physical space, and be permitted to change the locks (or work with The Rising Group Consulting, Inc. as the CRO for the Big Storm Entities, which apparently owns the physical space);

  d. be provided with unfettered access to all of the Additional Entities' books, records, and financial information;

  e. work closely with the Chapter 11 Trustee to implement its chapter 11 bankruptcy filing, with Mr. Long serving as the primary point of contact for the Additional Entities to the extent a corporate representative is necessary.

  f. assume other responsibilities, with wide latitude with respect to what needs to be done for the Debtor and the Additional Entities from a financial standpoint in fulfillment of his role and title as "Chief Restructuring Officer."

  g. assist the Chapter 11 Trustee with investigating and reconstructing financial information to be used in connection with the bankruptcy case;

    h.  to the extent necessary, consult with or hire a specialized administrator of Medicare-Set-Aside accounts, such as Ametros Financial;

    i.  review all cash receipts and disbursement transactions for potential fraudulent transfer transactions; and

    j.  ensure the special needs trust beneficiaries have access to the funds that are being held for them or paid on their behalf.

8.    In addition, Mr. Govoni, the Additional Entities, and anyone acting on their behalf should be required to fully cooperate with Nperspective and Mr. Long, including, without limitation, being required to immediately (i) turn over records and checks that may be in their possession or may come into their possession and (ii) facilitate access to information systems (*e.g.* NAV or Quickbooks by disclosing administrator usernames and passwords).

**BASIS FOR RELIEF REQUESTED**

9.    By this Motion, the Debtor requests that the Court approve, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the expansion of the scope of employment of Nperspective and Mr. Long, under the terms and conditions set forth in the original Retention Application already approved by the Court, to include the administration of the Additional Entities, in furtherance of the injunctive relief already entered by the Court.

10.    Nperspective and Mr. Long will comply with the Interim Billing Procedures approved by the Court in the Order Approving Debtor's Application for Authorization to Employ and Compensate William A. Long JR. and Nperspective Advisory Services, LLC As Chief Restructuring Officer Effective as of the Petition Date (Main Case No. 86), but will only be paid from the assets under the administration of the Additional Entities for services related to the assets under the administration of the Additional Entities.

11.    Given Nperspective's and Mr. Long's prior employment by the Trustee and their experience in administering trust assets, they are the best suited to continue providing those services

5

to the Trustee in regards to the Additional Entities, and any assets under their administration. The Trustee therefore seeks to expand the scope of the Retention Order to cover Additional Entities and any assets under their management. The Chapter 11 Trustee is confident in the abilities of Nperspective and Mr. Long, and the Court has already approved their retention, making this an efficient and reasonable request.

12.    Denying the relief requested herein would leave the assets of the Additional Entities without administration given the asset freeze currently in place. The expansion of Nperspective's and Mr. Long's scope of employment will allow him to consolidate the spider web of entities and assets created by Govoni, close companies and entities, and gather any remaining assets, including those of the Additional Entities.

13.    Because the expansion of the scope of employment requested herein does not alter Nperspective's and Mr. Long's disinterestedness, the Trustee does not believe an additional declaration is required and incorporates by reference the Declaration of William A. Long Jr. attached as Exhibit B to the Original Application to Employ Nperspective, which all applies to the Additional Entities. To the extent this changes, Nperspective and Mr. Long will inform the Court when and if appropriate.

14.    This motion is being filed contemporaneously in both the adversary proceeding which contains the TRO and in the Main Case, since the motion also seeks to expand the scope of Nperspective and Mr. Long, whose retention was sought and obtained in the Main Case.

### GOOD FAITH CONFERRAL CERTIFICATION

Undersigned counsel for the Chapter 11 Trustee certifies that he attempted to  confer with counsel for Govoni, and presumably the Additional Entities, but as of the filing of this Motion has not heard back.

80798937;1

WHEREFORE, the Chapter 11 Trustee requests this Court enter an order, substantially in the form of the proposed Order attached hereto as ***Exhibit B***,  expanding the scope of employment of Nperspective Advisory Services, LLC and William A. Long, Jr. as requested herein, and granting whatever other relief the Court deems just and proper.

Respectfully submitted,

AKERMAN LLP

By: */s/ John L. Dicks II*
    John L. Dicks II, Florida Bar No.: 89012
    Primary Email:  john.dicks@akerman.com
    Secondary Email:  judy.barton@akerman.com
    Steven R. Wirth, Florida Bar No.: 170380
    Email: steven.wirth@akerman.com
    Raye C. Elliott, Florida Bar No.:  18732
    Email:  raye.elliott@akerman.com
    401 East Jackson Street, Suite 1700
    Tampa, Florida 33602
    Telephone: (813) 223-7333
    Facsimile: (813) 223-2837

*Counsel for Chapter 11 Trustee, Michael Goldberg*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 3, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record.

*/s/ John L. Dicks II*
Attorney

80798937;1

8

# EXHIBIT A

## ADDITIONAL ENTITIES

American Tax Professionals LLC
Artspace Properties LLC
 Austin Colby Company
BCL Aviation LLC
BCL Medical Fund 1 LLC
BCL Partners Fund LLC
BFG Columbus Holdings LLC
BFG Loan Holdings LLC
BHC Asset Group LLC
BigStorm Distilling Company LLC
Blood Brothers LLC
Bloodyuno LLC
Boston Capital Consulting LLC
Boston Capital Leasing LLC
Boston Capital Leasing Management LLC
Boston Holding Company LLC
Boston Holding Realestate LLC
Boston Settlement Finance Inc.
Brand Activatiors LLC
Broadleaf 9th Street LLC
Broadleaf Properties LLC
Broadleaf Property Management LLC
Broafleaf Forest Management LLC
Center Services LLC
Conway Life Planning LLC
Counselor's Capital Financial Services LLC
Eldercare Alliance Inc.
Fat Lion Brewing Company LLC
Fat Lion Real Estate LLC
Fat Point V2 LLC
Global Litigation Consultants LLC
Gravitas Equity Partners LLC
Gravitas Tech LLC
UG Management Group Inc
MIA Brewing Co V2 LLC
North American Keg LLC
Orange Blossom Funding LLC
Propertycraft Enterprises LLC
Prospect Funding Holdings LLC
Prouty Road Farms LLC
Seaboard Craft Beer Holdings LLC
Seaboard Manufacturing LLC
Seaboard Manufacturing LLC DBA N&D

9

Seaboard Portage LLC
Seaboard Printing LLC
Seaboard Real Estate Holdings LLC
The Center for Fiduciary Services inc.
The Center for Financial Counseling LLC
The Center For Lien Resolution LLC
The Center for Life Care Planning LLC
The Center for Litigation Support LLC
The Center for Settlement Consultants LLC
The Colby Company LLC

# EXHIBIT B
# PROPOSED ORDER

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:                                              Case No. 8:24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                         Chapter 11

_____Debtor._____

MICHAEL GOLDBERG, as Chapter 11 Trustee
of the estate of Debtor, The Center for
Special Needs Trust Administration, Inc.

          Plaintiff,

v.                                                  Adv. Pro. No. 8:24-ap-00139-RCT

BOSTON FINANCE GROUP, LLC, a Florida limited
liability company and LEO J. GOVONI, an
individual,

_____Defendants._____

### ORDER EXPANDING SCOPE OF WILLIAM A. LONG JR.
### AND NPERSPECTIVE ADVISORY SERVICES, LLC
### ROLE AS RESTRUCTURING ADVISOR AND CHIEF RESTRUCTURING OFFICER

This matter came before the Court, without a hearing, on the agreement of the parties as to

the Chapter 11 Trustee's Second Motion to Expand Nperspective Advisory Services, LLC as

Restructuring Advisor and Chief Restructuring Officer and Supplemental Application to Expand Scope of Employment (Adv. No.  ) (the "Motion"). The Court having considered the Motion and materials submitted therewith, it is:

ORDERED:

1.    The Motion is GRANTED.

2.    Nperspective Advisory Services, LLC and William A. Long, Jr. (collectively, "NP") are hereby appointed as the Chief Restructuring Officers of the Additional Entities listed on Exhibit A to the Motion and to this Order,  and shall have all the power and authority commensurate with that position as detailed in the Motion.

3.    The Debtor is authorized, under Section 327(a) of the Bankruptcy Code, to employ NP as set forth in the Motion.

4.    Debtor is authorized, pursuant to Sections 328(a) and 331 of the Bankruptcy Code, to compensate NP on an interim basis on the terms set forth below for services provided to the Additional Entities, solely out of the assets and operations of the Additional Entities:

    a.  Nperspective shall serve a monthly statement for services on (i) the Debtor by email to Michelle Diebert, President; (ii) counsel for the Debtor by email to Scott Stichter at sstichter@srbp.com; (iii) the Office of the United States Trustee by email to the Trial Attorney assigned to this case, and (iii) counsel for any official committee appointed in this case (collectively, the "Statement Notice Parties"). The statement shall not be filed with or delivered to the Court.

    b.  The Statement Notice Parties shall have 14 days from the email service of each monthly statement to raise any objection to the fees requested by email to Nperspective at blong@jonahconsulting.biz, with a copy provided to counsel for the Debtor by email to Scott A. Stichter at sstichter@srbp.com. The parties shall work in good faith to resolve any objections to a monthly statement, but in the event the parties are unable to resolve the objection, the objecting party shall file an objection with the Court and set the objection for hearing.

12

80798937;1

c.  The Debtor is authorized to pay on a monthly basis the portion of the fees and expenses identified in each statement identified in each statement that are not subject to a pending objection by a Statement Notice Party.

d.  Nperspective shall file an interim and/or final fee application in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court. For the sake of clarity, lack of objection by a Statement Notice Party under these Interim Billing Procedures shall not constitute a waiver of any right to object to any filed fee application.

e.  All payments to Nperspective shall be included on the monthly operating reports.

15.  Nperspective and Mr. Long are hereby empowered to:

a.  assume financial control of the Additional Entities, including access to and signature authority over the Additional Entities' bank accounts;

b.  assume administrative control over all of the Additional Entities' information systems;

c.  take control of the Additional Entities' physical space, and be permitted to change the locks (or work with The Rising Group Consulting, Inc. as the CRO for the Big Storm Entities, which apparently owns the physical space);

d.  be provided with unfettered access to all of the Additional Entities' books, records, and financial information;

e.  work closely with the Chapter 11 Trustee to implement its chapter 11 bankruptcy filing, with Mr. Long serving as the primary point of contact for the Additional Entities to the extent a corporate representative is necessary.

f.  assume other responsibilities, with wide latitude with respect to what needs to be done for the Debtor and the Additional Entities from a financial standpoint in fulfillment of his role and title as "Chief Restructuring Officer."

g.  assist the Chapter 11 Trustee with investigating and reconstructing financial information to be used in connection with the bankruptcy case;

h.  to the extent necessary, consult with or hire a specialized administrator of Medicare-Set-Aside accounts, such as Ametros Financial;

i.  review all cash receipts and disbursement transactions for potential fraudulent transfer transactions; and

13

        j.   ensure the special needs trust beneficiaries have access to the funds that are being held for them or paid on their behalf.

    5.      In addition, Mr. Govoni, the Additional Entities, and anyone acting on their behalf are hereby required to fully cooperate with Nperspective and Mr. Long, including, without limitation, being required to immediately (i) turn over records and checks that may be in their possession or may come into their possession and (ii) facilitate access to information systems (*e.g.* NAV or Quickbooks by disclosing administrator usernames and passwords).

    6.      All interim compensation awarded to NP is subject to final approval by the Bankruptcy Court.

*John L. Dicks II Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.*

14