ORDERED.

Dated:  April 11, 2025

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | Case No. 8:24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Chapter 11 |
| Debtor. | |
| MICHAEL GOLDBERG, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc. | |
| Plaintiff, | |
| v. | Adv. Pro. No. 8:24-ap-00139-RCT |
| BOSTON FINANCE GROUP, LLC, a Florida limited liability company and LEO J. GOVONI, an individual, | |
| Defendants. | |

**ORDER EXPANDING SCOPE OF WILLIAM A. LONG JR.
AND NPERSPECTIVE ADVISORY SERVICES, LLC
<u>ROLE AS RESTRUCTURING ADVISOR AND CHIEF RESTRUCTURING OFFICER</u>**

The Court held a hearing on April 4, 2025 (the "<u>Hearing</u>") on the Chapter 11 Trustee's

Amended Expedited Second Motion to Expand Nperspective Advisory Services, LLC as

Restructuring Advisor and Chief Restructuring Officer and Supplemental Application to Expand

80878759;2

Scope of Employment (Adv. No. 87) (the "Motion"). The Court having considered the Motion and materials submitted therewith, it is:

ORDERED:

1. The Motion is GRANTED as set forth herein.

2. Nperspective Advisory Services, LLC and William A. Long, Jr. (collectively, "NP") are hereby appointed as the Chief Restructuring Officers of the Additional Entities listed on **Exhibit A** to this Order, and shall have all the power and authority commensurate with that position as detailed in the Motion.

3. At the Hearing, Leo Govoni testified under oath that he had a direct or indirect ownership interest in all of the Additional Entities listed on **Exhibit A** to the Motion, except for MIA Brewing Co V2 LLC and The Colby Company LLC. NP shall investigate the ownership of MIA Brewing Co V2 LLC and The Colby Company LLC and make a recommendation to this Court as to whether NP should be appointed CRO over those two entities no later than April 18, 2025 at 10:00 a.m. NP shall also make reasonable efforts to allow Mr. Govoni to access the offices, while monitored by NP, located at 12707 49th St. N., Clearwater, FL 33762 in order for Mr. Govoni respond to the Chapter 11 Trustee's document requests as detailed in the Chapter 11 Trustee's motion to compel (Doc. No. 69) and Motion for Order to Show Cause (Doc. 82) prior to April 18, 2025.

4. The Chapter 11 Trustee is authorized, under Section 327(a) of the Bankruptcy Code, to employ NP as set forth in the Motion.

5. The Chapter 11 Trustee is authorized, pursuant to Sections 328(a) and 331 of the Bankruptcy Code, to compensate NP on an interim basis on the terms set forth below for services

80878759;2

provided to the Additional Entities, solely out of the assets and operations of the Additional Entities:

    a. Nperspective shall serve a monthly statement for services on (i) the Chapter 11 Trustee by email to his counsel, Steven R. Wirth, Esq.; (ii) the Office of the United States Trustee by email to the Trial Attorney assigned to this case, and (iii) counsel for the official committee of unsecured creditors, Megan Murray, Esq. (collectively, the "Statement Notice Parties"). The statement shall not be filed with or delivered to the Court.

    b. The Statement Notice Parties shall have 14 days from the email service of each monthly statement to raise any objection to the fees requested by email to Nperspective at blong@jonahconsulting.biz, with a copy provided to counsel for the Chapter 11 Trustee, Steven R. Wirth, Esq. at steven.wirth@akerman.com. The parties shall work in good faith to resolve any objections to a monthly statement, but in the event the parties are unable to resolve the objection, the objecting party shall file an objection with the Court and set the objection for hearing.

    c. The Chapter 11 Trustee is authorized to pay on a monthly basis the portion of the fees and expenses identified in each statement identified in each statement that are not subject to a pending objection by a Statement Notice Party.

    d. Nperspective shall file an interim and/or final fee application in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court. For the sake of clarity, lack of objection by a Statement Notice Party under these Interim Billing Procedures shall not constitute a waiver of any right to object to any filed fee application.

    e. All payments to Nperspective shall be included on the monthly operating reports.

6. Nperspective and Mr. Long are hereby empowered to:

    a. assume financial control of the Additional Entities, including access to and signature authority over the Additional Entities' bank accounts;

    b. assume administrative control over all of the Additional Entities' information systems;

80878759;2

    c. take control of the Additional Entities' physical space, and be permitted to change the locks (or work with The Rising Group Consulting, Inc. as the CRO for the Big Storm Entities, which apparently owns the physical space);

    d. be provided with unfettered access to all of the Additional Entities' books, records, and financial information;

    e. work closely with the Chapter 11 Trustee to implement its chapter 11 bankruptcy filing, with Mr. Long serving as the primary point of contact for the Additional Entities to the extent a corporate representative is necessary.

    f. assume other responsibilities, with wide latitude with respect to what needs to be done for the Debtor and the Additional Entities from a financial standpoint in fulfillment of his role and title as "Chief Restructuring Officer."

    g. assist the Chapter 11 Trustee with investigating and reconstructing financial information to be used in connection with the bankruptcy case;

    h. to the extent necessary, consult with or hire a specialized administrator of Medicare-Set-Aside accounts, such as Ametros Financial;

    i. review all cash receipts and disbursement transactions for potential fraudulent transfer transactions; and

    j. ensure the special needs trust beneficiaries have access to the funds that are being held for them or paid on their behalf.

7. In addition, Leo Govoni, the Additional Entities, and anyone acting on their behalf are hereby required to fully cooperate with Nperspective and Mr. Long, including, without limitation, being required to immediately (i) turn over records and checks that may be in their possession or may come into their possession and (ii) facilitate access to information systems (*e.g.* NAV or Quickbooks by disclosing administrator usernames and passwords).

8. All interim compensation awarded to NP is subject to final approval by the Bankruptcy Court.

9. The Court shall conduct a further hearing on the Motion, as well as the Chapter 11 Trustee's Motion for Order to Show Cause (Doc. 82) on **Friday, April 18, 2025, at 10:00 a.m.** at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Courtroom 8A, Tampa, FL 33602.

Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance, no later than 3:00 p.m. one business day before the date of the hearing. To register click the link below or manually enter the following web address into a browser:

https://www.zoomgov.com/meeting/register/vJItcOGopjMpG2gRKyn-ipk6SXFBnivGTDA#/registration.

All participants, whether attending in person or remotely, must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

*Steven R. Wirth, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.*

# EXHIBIT A

# ADDITIONAL ENTITIES

American Tax Professionals LLC
Artspace Properties LLC
Austin Colby Company
BCL Aviation LLC
BCL Medical Fund 1 LLC
BCL Partners Fund LLC
BFG Columbus Holdings LLC
BFG Loan Holdings LLC
BHC Asset Group LLC
BigStorm Distilling Company LLC
Blood Brothers LLC
Bloodyuno LLC
Boston Capital Consulting LLC
Boston Capital Leasing LLC
Boston Capital Leasing Management LLC
Boston Holding Company LLC
Boston Holding Realestate LLC
Boston Settlement Finance Inc.
Brand Activatiors LLC
Broadleaf 9th Street LLC
Broadleaf Properties LLC
Broadleaf Property Management LLC
Broafleaf Forest Management LLC
Center Services LLC
Conway Life Planning LLC
Counselor's Capital Financial Services LLC
Eldercare Alliance Inc.
Fat Lion Brewing Company LLC
Fat Lion Real Estate LLC
Fat Point V2 LLC
Global Litigation Consultants LLC
Gravitas Equity Partners LLC
Gravitas Tech LLC
UG Management Group Inc
North American Keg LLC
Orange Blossom Funding LLC
Propertycraft Enterprises LLC
Prospect Funding Holdings LLC
Prouty Road Farms LLC
Seaboard Craft Beer Holdings LLC
Seaboard Manufacturing LLC
Seaboard Manufacturing LLC DBA N&D
Seaboard Portage LLC

Seaboard Printing LLC
Seaboard Real Estate Holdings LLC
The Center for Fiduciary Services inc.
The Center for Financial Counseling LLC
The Center For Lien Resolution LLC
The Center for Life Care Planning LLC
The Center for Litigation Support LLC
The Center for Settlement Consultants LLC