ORDERED.

Dated:  April 25, 2025

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | Case No. 8:24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Chapter 11 |
| Debtor. | |
| MICHAEL GOLDBERG, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc. | |
| Plaintiff, | |
| v. | Adv. Pro. No. 8:24-ap-00139-RCT |
| BOSTON FINANCE GROUP, LLC, a Florida limited liability company and LEO J. GOVONI, an individual, | |
| Defendants. | |

**FINAL ORDER EXPANDING SCOPE OF WILLIAM A. LONG JR.
AND NPERSPECTIVE ADVISORY SERVICES, LLC
<u>ROLE AS RESTRUCTURING ADVISOR AND CHIEF RESTRUCTURING OFFICER</u>**

The Court held a continued hearing on April 18, 2025 (the "<u>Hearing</u>") on the Chapter 11 Trustee's Amended Expedited Second Motion to Expand Nperspective Advisory Services, LLC as Restructuring Advisor and Chief Restructuring Officer and Supplemental Application to Expand

Scope of Employment (Adv. No. 87) (the "Motion"). The Court having considered the Motion and materials submitted therewith, it is:

ORDERED:

1. The Motion is GRANTED on a final basis as set forth herein.

2. Nperspective Advisory Services, LLC and William A. Long, Jr. (collectively, "NP") are hereby appointed as the Chief Restructuring Officers of the Additional Entities listed on **Exhibit A** to this Order, and shall have all the power and authority commensurate with that position as detailed in the Motion.

3. The Chapter 11 Trustee is authorized, under Section 327(a) of the Bankruptcy Code, to employ NP as set forth in the Motion.

4. The Chapter 11 Trustee is authorized, pursuant to Sections 328(a) and 331 of the Bankruptcy Code, to compensate NP on an interim basis on the terms set forth below for services provided to the Additional Entities, solely out of the assets and operations of the Additional Entities:

   a. Nperspective shall serve a monthly statement for services on (i) the Chapter 11 Trustee by email to his counsel, Steven R. Wirth, Esq.; (ii) the Office of the United States Trustee by email to the Trial Attorney assigned to this case, and (iii) counsel for the official committee of unsecured creditors, Megan Murray, Esq. (collectively, the "Statement Notice Parties"). The statement shall not be filed with or delivered to the Court.

   b. The Statement Notice Parties shall have 14 days from the email service of each monthly statement to raise any objection to the fees requested by email to Nperspective at blong@jonahconsulting.biz, with a copy provided to counsel for the Chapter 11 Trustee, Steven R. Wirth, Esq. at steven.wirth@akerman.com. The parties shall work in good faith to resolve any objections to a monthly statement, but in the event the parties are unable to resolve the objection, the objecting party shall file an objection with the Court and set the objection for hearing.

81111067;1

c. The Chapter 11 Trustee is authorized to pay on a monthly basis the portion of the fees and expenses identified in each statement identified in each statement that are not subject to a pending objection by a Statement Notice Party.

d. Nperspective shall file an interim and/or final fee application in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court. For the sake of clarity, lack of objection by a Statement Notice Party under these Interim Billing Procedures shall not constitute a waiver of any right to object to any filed fee application.

e. All payments to Nperspective shall be included on the monthly operating reports.

5. Nperspective and Mr. Long are hereby empowered to:

a. assume financial control of the Additional Entities, including access to and signature authority over the Additional Entities' bank accounts;

b. assume administrative control over all of the Additional Entities' information systems;

c. take control of the Additional Entities' physical space, and be permitted to change the locks (or work with The Rising Group Consulting, Inc. as the CRO for the Big Storm Entities, which apparently owns the physical space);

d. be provided with unfettered access to all of the Additional Entities' books, records, and financial information;

e. work closely with the Chapter 11 Trustee to implement its chapter 11 bankruptcy filing, with Mr. Long serving as the primary point of contact for the Additional Entities to the extent a corporate representative is necessary.

f. assume other responsibilities, with wide latitude with respect to what needs to be done for the Debtor and the Additional Entities from a financial standpoint in fulfillment of his role and title as "Chief Restructuring Officer."

g. assist the Chapter 11 Trustee with investigating and reconstructing financial information to be used in connection with the bankruptcy case;

h. to the extent necessary, consult with or hire a specialized administrator of Medicare-Set-Aside accounts, such as Ametros Financial;

i. review all cash receipts and disbursement transactions for potential fraudulent transfer transactions; and

      j.    ensure the special needs trust beneficiaries have access to the funds that are being held for them or paid on their behalf.

6. In addition, Leo Govoni, the Additional Entities, and anyone acting on their behalf are hereby required to fully cooperate with Nperspective and Mr. Long, including, without limitation, being required to immediately (i) turn over records and checks that may be in their possession or may come into their possession and (ii) facilitate access to information systems (*e.g.* NAV or Quickbooks by disclosing administrator usernames and passwords).

7. All interim compensation awarded to NP is subject to final approval by the Bankruptcy Court.

*Steven R. Wirth, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.*

# EXHIBIT A

## ADDITIONAL ENTITIES

Directed Benefits Foundation, Inc.
The Colby Company, LLC
The Cetner for Medicare Set-Aside Administration, LLC
The Center for Litigation Support LLC

81111067;1