ORDERED.

Dated: April 28, 2025

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

| | |
|---|---|
| The Center for Special Needs Trust Administration, Inc., | Case No. 8:24-bk-00676-RCT<br>Chapter 11 |
| Debtor. | |
| _____ / | |
| Michael Goldberg, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc. | Adv. No. 8:24-ap-00139-RCT |
| Plaintiff, | |
| v. | |
| Boston Finance Group, LLC, a Florida limited liability company and Leo J. Govoni, an individual, | |
| Defendants. | |
| _____ / | |

**ORDER TO SHOW CAUSE WHY DEFENDANTS
LEO J. GOVONI AND BOSTON FINANCE GROUP, LLC SHOULD
NOT BE HELD IN CONTEMPT AND SANCTIONED FOR VIOLATING
THIS COURT'S ORDERS DIRECTING THEM AND CERTAIN ALTER
<u>EGO ENTITIES TO PRODUCE DOCUMENTS TO THE CHAPTER 11 TRUSTEE</u>**

On April 28, 2025, the Court conducted a further continued hearing (the "Hearing") on the Chapter 11 Trustee's Motion for Order to Show Cause (Doc. 82) (the "Motion"). The

Hearing was the fourth hearing on the Motion. At each prior hearing, the Court provided Mr. Govoni, and through him Boston Finance Group, LLC ("BFG"), additional time to comply with disclosure obligations mandated under this Court's *Agreed Order Granting Chapter 11 Trustee's Emergency Motion to Compel* (Doc. 71) entered March 10, 2025 (the "March 10 Order"), its *Order Granting Chapter 11 Trustee's Emergency Motion for Sanctions, to Compel Leo J. Govoni to Appear for Sworn Testimony, and for Authorization for Chief Restructuring Officers to Forcibly Enter Premises* (Doc. 81) entered March 26, 2025 (the "March 26 Order"), and/or its *Order Granting in Part Motion for Order to Show Ca*use (Doc. 110) entered April 28, 2025 (the "April 28 Order")[1] (collectively, the "Discovery Orders"). Entering appearances at the Hearing were Steven R. Wirth, Esq., on behalf of the Chapter 11 Trustee (the "Trustee"), and Buddy D Ford, Esq. and Jonathan A. Semach, Esq., on behalf of Mr. Govoni, who appeared with his counsel.

At the Hearing, the Court was advised by Mr. Wirth that despite assurances offered and arrangements made at prior hearings, the Trustee still had not received any of the documents BFG was directed to produce in the Discovery Orders. Mr. Wirth further advised that while Mr. Govoni, through counsel, had produced some financial disclosures as directed in the April 28 Order, the production was incomplete and rather glaringly failed to disclose Mr. Govoni's financial interests in, among others, the Alter Ego Entities,[2] a matter upon which Mr. Govoni had testified before this Court on April 18.

Consistent with the verified response filed before the Hearing (Doc. 109), Mr. Govoni's counsel sought to explain the partial production under the April 28 Order by citing to

---

[1] Based, in part, upon the appearance of and representations made by new counsel for Mr. Govoni, the April 28 Order briefly extended deadlines set forth in the Court's Order Granting in Part Motion for Order to Show Cause (Doc. 104) entered April 24, 2025.
[2] As defined in Exhibit A of the Temporary Restraining Order (Doc. 45 at 5–10).

the restrictions to Mr. Govoni accessing his former business premises where he claimed documents necessary to comply with the Discover Orders were housed. However, as the Court explained to counsel, who the Court notes only recently appeared in the case, Mr. Govoni had previously been granted access to his former business premise based on the same assertion, and despite that prior access, very little was produced.

At the conclusion of the Hearing, having considered the Motion and the presentations of counsel, together with the record in this proceeding, the Court found that Defendants BFG and Mr. Govoni were not in compliance with the Discovery Orders, except to the limited extent that Mr. Govoni had produced documents as directed by the April 28 Order. The Court determined therefore that the Trustee's Motion should be granted and this Order to Show Cause should issue.

Accordingly, it is **ORDERED** that **Defendant Leo J. Govoni and his counsel are directed to appear before the Court, in person, on May 2, 2025, at 9:30 a.m.** (the "Show Cause Hearing"), in Courtroom 8A, Sam M. Gibbons U.S. Courthouse, 801 N. Florida Avenue, Tampa, Florida, to show cause why the Court should not hold him in contempt of the March 10 Order and March 26 Order, and impose appropriate sanctions that may include monetary sanctions, issuance of a writ of bodily attachment, referral to the district court for consideration of criminal contempt sanctions, or a combination of any or all of these.

And **IT IS FURTHER ORDERED** that **Defendant BFG, through a duly authorized representative, is directed to appear before the Court, in person, on May 2, 2025, at 9:30 a.m.** (the "Show Cause Hearing"), in Courtroom 8A, Sam M. Gibbons U.S. Courthouse, 801 N. Florida Avenue, Tampa, Florida, to show cause why the Court should not hold it in contempt of the March 10 Order, the March 26 Order, and the April 28 Order, and impose

appropriate sanctions that may include monetary sanctions, injunctive relief, referral to the district court for consideration of criminal contempt sanctions, or a combination of any or all of these.

Failure to appear before the Court may result in the entry of an order prescribing the relief described above, as well as any other relief the Court deems appropriate.

Relative to the evidentiary presentation at the Show Cause Hearing, the Court hereby establishes the following requirements and deadlines:

**Witnesses**. The parties shall exchange names and addresses of witnesses by no later than **10:00 a.m. on April 30, 2025**, and shall file final witness lists with the Court by no later than **12:00 p.m. on May 1, 2025**.

**Exhibits.** The parties shall prepare exhibits in compliance with Local Rule 9070-1 and shall exchange and file exhibits no later than **10:00 a.m. on May 1, 2025.** Objections to the admission of any exhibit on the ground that the exhibit (a) lacks authentication or (b) does not qualify as an exception to the hearsay rule as a record of a regularly conducted activity under Federal Rule of Evidence 803(6) must be filed in writing no later than **5:00 p.m. on May 1, 2025**, or they shall be deemed waived.

Clerk's office to serve Defendant Boston Financial Group, LLL by first class mail. All other interested parties shall be served by CM/ECF.