**Exhibit Cover Sheet**

**Party submitting: Michael Goldberg, as Chapter 11 Trustee Ex. #9**

**Admitted: Yes or No (circle one)**

**Debtor: THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC.**

**Case No. 8:24-bk-00676-RCT**

**MICHAEL GOLDBERG, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc. v. BOSTON FINANCE GROUP, LLC, a Florida limited liability company and LEO J. GOVONI, an individual**

**Adv. Pro. No. 8:24-ap-00139-RCT**

**Nature of Hearing/Docket No.: Show Cause Hearing (Adv. Doc. 112)**

**United States Bankruptcy Court**
**Middle District of Florida**

**Dated: May 2, 2025**

**By:______________________, Deputy Clerk**

**Leo J. Govoni and Jane M. Govoni**

**Information Document Request No. 002-0002 dated March 9, 2018**

**General**

1. Previously provided.

2. The Center for Financial Counseling (CFC) and another entity, Austin Colby Co. (ACC), had an arrangement whereby ACC provided certain administrative/back office services which were billed to CFC. Pursuant to this arrangement, ACC made available to CFC an employee who was paid wages of $50,341 by ACC for services rendered to CFC. ACC invoiced CFC for these wages and CFC paid ACC this amount as a business expense (reported as wages on Schedule C). Thus, CFC was not required to file payroll returns; rather the $50,341 of wages were properly reported on payroll returns for ACC.

3. Veritas Investigative Services (VIS) and Austin Colby Co. (ACC) had an arrangement whereby ACC provided certain administrative/back office services to VIS which were billed to VIS. Pursuant to this arrangement, ACC made available to VIS an employee who was paid wages of $20,000 by ACC for services rendered to VIS. ACC invoiced VIS for these wages and VIS paid ACC this amount as a business expense (reported as wages on Schedule C). Thus, VIS was not required to file payroll returns; rather the $20,000 of wages were properly reported on payroll returns for ACC.

4. Previously provided.

5. Previously provided.

6. Previously provided.

7. In 2014, Boston Holding Company (BHC) purchased an equity interest in 3A Holdings, LLC solely for investment purposes. 3A Holdings was not operational in 2014 (it began operations in 2015). As such, no income or loss was allocated to BHC in 2014, and no 2014 Schedule K-1 was issued to BHC. 3A Holdings is an entity unrelated to BHC.

8. BFG II is a short name for a second bank account opened under the name and EIN of Boston Finance Group (BFG). This second bank account was opened for business and operational purposes. Any interest income received from this account was properly reported on the tax return for BFG.

9. Seaboard Technology was a holding company for a patent purchased. The operations of the entity were unrelated to the operations of Seaboard Manufacturing. The one deposit of $35,000 on February 13, 2014 into Seaboard Manufacturing from Seaboard Technology was a transfer done in error and reversed (corrected) the same day.

10. WhiteLine Creative LLC was formerly known as A2B Marketing LLC (from 4/16/14 through 7/29/14) and Olympus Marketing LLC (from 5/1/13 through 4/15/14). It was properly reported on the return as WhiteLine Creative LLC.

11. See document on enclosed Flash Drive for your convenience (*Passive Income and Loss Reconciliation spreadsheet listing the passive activity entities with details regarding the amount of the losses* - all of which are found on the tax return).

(1) Austin Colby Co: The $3,113,869 ordinary business loss listed on the 2014 Schedule K-1 could not be deducted on the taxpayer's individual return because the taxpayer did not have sufficient basis to take the loss (i.e., the S corporation basis limitation rules applied and the loss was suspended).

(2) Boston Asset Management: No discrepancy.

(3) Boston Capital Leasing: The $305,878 ordinary business loss listed on the 2014 Schedule K-1 could not be deducted in its entirety on the taxpayer's individual return due to the application of the passive activity loss rules. *See Passive Income and Loss Reconciliation spreadsheet.*

Boston Capital Leasing PY PAL: The loss listed on the 2014 return was allowed due to the application of the passive activity loss rules. *See Passive Income and Loss Reconciliation spreadsheet.*

(4) Boston Finance Group (TP) Amended: Due to the application of the partnership basis limitation rules, the loss listed on the 2014 Schedule K-1 could not be taken in its entirety on the taxpayer's return.

Boston Finance Group (TPS) Amended: Due to the application of the partnership basis limitation rules, the loss listed on the 2014 Schedule K-1 could not be taken in its entirety on the taxpayer's return.

Boston Finance Group Basis C/O: Basis Limitation. The loss deducted on the taxpayer's return results from a suspended loss (the loss was previously disallowed due to basis limitation rules) that was triggered due to an increase in the taxpayer's basis. The increase in the taxpayer's basis resulted from an increase in BFG's share of recourse debt with respect to a partnership interest owned by BFG (an interest in Prospect Funding Holdings, LLC).

Boston Finance Group Basis C/O: Basis Limitation. The loss deducted on the taxpayer's return results from a suspended loss (the loss was previously disallowed due to basis limitation rules) that was triggered due to an increase in the taxpayer's basis. The increase in the taxpayer's basis resulted from an increase in BFG's share of recourse debt with respect to a partnership interest owned by BFG (an interest in Prospect Funding Holdings, LLC).

(5) Boston Settlement Group: No discrepancy.

(6) Broadleaf Property Management: The ordinary business income listed on the 2014 Schedule K-1 was offset by carryover losses allowed in 2014 due to the

application of the passive activity loss rules. *See Passive Income and Loss Reconciliation spreadsheet.*

(7) Check in For Good: The ordinary business loss listed on the 2014 return was allowed due to the application of the passive activity loss rules. *See Passive Income and Loss Reconciliation spreadsheet.*

(8) Elder Care Alliance: No discrepancy.

(9) Goshen Forest: No discrepancy.

(10) Gravitas Equity Partners: The $220 difference was Other Income from Box 11F of the K-1.

(11) Macomb Black or Red Entertainment: A Schedule K-1 for 2014 was not received and, to the best of our knowledge, neither income nor loss was allocated to the taxpayer. The passive loss reported on the return was due to a passive activity loss carried over from 2012. *See Passive Income and Loss Reconciliation spreadsheet.*

(12) Precision Flight Systems: The $332,521 ordinary business loss listed on the 2014 Schedule K-1 could not be deducted in its entirety on the taxpayer's individual return due to the application of the passive activity loss rules. *See Passive Income and Loss Reconciliation spreadsheet.*

(13) Restruck SPB Investor: The ordinary business loss listed on the 2014 individual return was allowed due to the application of the passive activity loss rules. *See Passive Income and Loss Reconciliation spreadsheet.*

(14) Seaboard Craft Beer Holdings: The $272,173 ordinary business loss listed on the 2014 Schedule K-1 could not be deducted in its entirety on the taxpayer's individual return due to the application of the passive activity loss rules. *See Passive Income and Loss Reconciliation spreadsheet.*

(15) The Colby Company: No discrepancy.

(16) Webonise US LLC (Final K-1): No discrepancy.

12. BFG owned a partnership interest in Prospect Funding Holdings, LLC and the recourse debt allocable to BFG increased from 2013 to 2014 resulting in an increase in basis in 2014 (which triggered the deduction on the taxpayer's return of suspended losses). [On the enclosed Flash Drive for your reference is a copy of the 2013 Schedule K-1 and 2014 Schedule K-1 issued to BFG from Prospect Funding Holdings showing the increase in recourse debt.]

13. The loss reported on the return was allowed based on the passive activity loss rules allowing carryover passive losses to offset passive income. *See Passive Income and Loss Reconciliation spreadsheet.*

14.

a. Gravitas Tech, LLC - Gravitas Tech, LLC is a disregarded entity owned 100% by the taxpayer. Gravitas Tech owned an interest in the following entities: (i) Check-In for Good, (ii) MaComb Black or Red Entertainment, (iii) Precision Flight Systems, and (iv) Webonise. The income and expenses for each of these subsidiary entities (as reported on Schedules K-1 issued to Gravitas Tech) were reported directly on the taxpayer's return. *See Passive Income and Loss Reconciliation spreadsheet.*

b. Gravitas II, LLC - Gravitas II, LLC is a disregarded entity owned 100% by the taxpayer. Gravitas II owned an interest in Restruck SPB Investor I, LLC. The income and expenses for this subsidiary entity (as reported on Schedule K-1 issued to Gravitas II) were reported directly on the taxpayer's return. *See Passive Income and Loss Reconciliation spreadsheet.*

15. The passive loss reported on the return was due to a passive activity loss carried over from the 2012 return. *See Passive Income and Loss Reconciliation spreadsheet.*

16.

a. Boston Finance Group for each spouse $2,508,537 and $228,049.

    i. Boston Finance Group (BFG) did not have *net* self-employment earnings in 2014 (rather, BFG reported a loss) and, thus, the self-employment tax does not apply to the BFG activity. The amounts listed above appear to be the combined total of Form 1065 Schedule K-1 boxes 14 A and C. This combined amount is not self-employment earnings. Note that the amount in box 14C is the partner's share of *gross* revenue from the entity, not net self-employment earnings. This amount is used to calculate self-employment tax under an optional method which was not applicable in this case (see Section B, Part II of the 2014 Schedule SE to Form 1040). Again, self-employment tax does not apply to negative self-employment earnings (i.e., a loss).

b. Boston Settlement Group $1,189,977.

    i. Boston Settlement Group (BSG) did not have *net* self-employment earnings in 2014 (rather, BSG reported a loss) and, thus, the self-employment tax does not apply to the BSG activity. The amount listed above appears to be the combined total of Form 1065 Schedule K-1 boxes 14 A and C. This combined amount is not self-employment earnings. The amount in box 14C is the partner's share of *gross* revenues from the entity, not net. This amount is used to calculate self-employment tax under an optional method which was not applicable in this case (see Section B, Part II of the 2014 Schedule SE to Form 1040). Again, self-employment tax does not apply to negative self-employment earnings (i.e., a loss).

c. Restruck SPB Investor $18,172.
   i. Restruck SPB Investor (Restruck) did not have *net* self-employment earnings in 2014 (rather, Restruck reported a loss) and, thus, the self-employment tax does not apply to the Restruck activity. The amount listed above appears to be the combine total of Form 1065 Schedule K-1 boxes 14 A and C. This combined amount is not self-employment earnings. The amount in box 14C is the partner's share of *gross* revenues from the entity, not net. This amount is used to calculate self-employment tax under an optional method which was not applicable in this case (see Section B, Part II of the 2014 Schedule SE to Form 1040). Again, self-employment tax does not apply to negative self-employment earnings (i.e., a loss).

d. The Colby Company $(1,548).
   i. The net loss is not subject to self-employment tax.

17. On the enclosed Flash Drive is a list of employees by company and hours worked. Also on the enclosed Flash Drive is the applicable W-2 for each employee.

18. Upon further review of records, it appears that certain expenses were improperly coded. On the enclosed Flash Drive is a list of the deductible legal and professional fees

19. Boston Holding Company (BHC) was initially formed to consolidate certain of the taxpayer's business operations and to serve as the primary entity to promote and market consulting and investment opportunities related to the taxpayer's business. BHC started is primary operations in 2014 during which time BHC had startup expenses without income.

20. Fiduciary Tax Services (FTS) was a start-up company in 2014 that provided accounting and tax services. However, FTS had not yet hired a staff of accountants so FTS entered into an arrangement with Austin Colby Co. (ACC) whereby ACC would provide certain accounting and tax services for a fee and as an independent contractor. Pursuant to this arrangement, FTS paid ACC for services rendered. Also included in the $500,982 are legal fees paid to Finley & Bogle law firm for legal services to research entity name and structure.

21. On the enclosed Flash Drive is a spreadsheet detailing the specific line item professional fees paid by Olympus Foundation Management.

22.

a. Boston Holding Co $286,673 / $0 Gross Receipts
   i. As previously described, BHC was a startup company in 2014 and, as expected, had expenses exceeding its income in this initial year.

b. Broadleaf (Forest) Management $157,728 / 105% of Gross Receipts
   i. This is a forestry management company that produces management fees based on the amount of timber that third-party loggers cut. Timber is not

always cut each year and, therefore, revenue will fluctuate but the staff needed to manage the harvest does not change.

c. Olympus Foundation Management $366,573 / 262% of Gross Receipts.
    i. This is a startup company that was being built with a sales team to make connections through public relation efforts.

d. Seaboard Manufacturing $424,228 / 211% of Gross Receipts.
    i. This is a startup company in the manufacturing industry. A well-trained staff on hand is necessary to complete orders in a timely manner to build a reputable business.

e. Whiteline Creative $530,387 / 742% of Gross Receipts
    i. This is a startup company that produces media for marketing and advertising and had large expenses during its initial years.

| Form 4564 (Rev. September 2006) | Department of the Treasury – Internal Revenue Service **Information Document Request** | Request Number 002-0002 |
|---|---|---|

| To: *(Name of Taxpayer and Company Division or Branch)* | Subject | |
|---|---|---|
| LEO J GOVONI & JANE M GOVONI | Examination of 2014 Federal Tax Return | |
| | SAIN number | Submitted to: LEO J GOVONI & JANE M GOVONI |
| *Please return Part 2 with listed documents to requester identified below* | Dates of Previous Requests (mmddyyyy) | |

Description of documents requested

Tax Period(s): 201412

The following information is needed for the examination. Please provide the following information on or before April 26, 2018. The information may be provided on CD or Flash Drive. Please reference documents to corresponding # below.

## General

1.) Please provide Employer ID numbers (EIN) for the following:
   - ✓ a. Boston Holding Company
   - ✓ b. Center for Settlement Consultants (the EIN listed belongs to Boston Finance Group)
   - ✓ c. Fiduciary Tax Services LLC
   - ✓ d. Olympus Foundation Management LLC
   - ✓ e. Seaboard Manufacturing LLC
   - ✓ f. White Line Creative LLC

Reported on ACC 2.) There were wages of $50,341 reported on Schedule C for The Center for Financial Counseling, EIN#27-2910162, however there do not appear to be payroll returns on file. Please provide copies of payroll returns and EIN that they were filed under.

Reported on ACC 3.) There were wages of $20,000 reported on Schedule C for Veritas Investigative Services, EIN#45-2652446, however there do not appear to be payroll returns on file. Please provide copies of payroll returns and EIN that they were filed under.

## Bank Records

✓ 4.) Bank statements for White Line Creative, LLC were not complete. Please provide statements for December 1, 2013 through July 31, 2014 for acct ending #1693.

✓ 5.) Bank statements for Olympus Foundation Management were not complete. There were statements included for Olympus Marketing, LLC and A2B Marketing. Please provide statements for February through July 2014 for account ending #1936.

✓ 6.) There do not appear to be any bank records for Jane Govoni, with exception of Fidelity statements. Please provide copies of savings and checking accounts that belong to Mrs. Govoni and any accounts held jointly with spouse.

Information due by 04/26/2018 At next appointment ☐ Mail in ☒

| From: | Name and Title of Requester | Employee ID number | Date (mmddyyyy) |
|---|---|---|---|
| | Estela Wells, Internal Revenue Agent | 1339163 | 03/09/2018 |
| | Office Location: 9450 Koger Blvd, Mail Stop 4205, St. Petersburg, FL 33702 | | Phone: 727-318-6170 Fax: 877-762-1207 |

| Form **4564** (Rev. September 2006) | Department of the Treasury – Internal Revenue Service **Information Document Request** | Request Number 002-0002 |
|---|---|---|

| To: *(Name of Taxpayer and Company Division or Branch)* LEO J GOVONI & JANE M GOVONI | Subject Examination of 2014 Federal Tax Return | |
|---|---|---|
| | SAIN number | Submitted to: LEO J GOVONI & JANE M GOVONI |
| *Please return Part 2 with listed documents to requester identified below* | Dates of Previous Requests (mmddyyyy) | |

Description of documents requested

Tax Period(s): 201412

Investment 7.) Please explain the relationship the taxpayer has with 3A Holdings, LLC and why $1,399,295 was transferred to this entity from Boston Holding Company, LLC.

Not a separate co just a separate bank account for BFG 8.) There were several transfers into various accounts from both Boston Finance Group and BFG II. BFG II appears to be a related entity that was not reported on the return. Please provide information relationship between the taxpayer and this entity.

? 9.) There were transfers from an entity named Seaboard Technology into the Seaboard Manufacturing, LLC bank account. Please explain the relationship the taxpayer has with Seaboard Technology and if a related entity, please provide information regarding this entity that should have been reported on the return.

## Flow Through Entities

7/30/14

Merely name changes 10.) Please provide information for Olympus Marketing, LLC and A2B Marketing. What is the relationship with these entities? If these entities should have been reported on the return, provide information that should have been reported. A2B Marketing → Olympus 4/16/14
Olympus Marketing → Whiteline 7/30/14

11.) Please see IDR attachment listing all flow through entities. Please explain the any discrepancies between the ordinary income/(loss) reported on the K-1's vs. the amount reported on the return.

12.) Please provide explanation and supporting documentation for Boston Finance Group Basis C/O of $(1,389,639) reported as a non-passive loss.

13.) K-1 for Broadleaf Property Management shows net rental income of $159,412 however, a loss of $(178,105) was reported on the return. Please provide explanation and supporting documentation to show how you arrived at the loss.

14.) Please provide the following K-1's or related entity information:

DRE a. Gravitas Tech, LLC TIN: 46-1144990 – disregarded entity: single-member LLC

DRE b. Gravitas II, LLC TIN: 45-3950265

15.) A loss of $(13,569) was reported on the return for Macomb Black or Red Entertainment. Please provide copy of K-1 and other supporting documentation to show how you arrived at the amount. Carry over loss, no K-1

Information due by 04/26/2018 At next appointment ☐ Mail in ☒

| From: | Name and Title of Requester | Employee ID number | Date (mmddyyyy) |
|---|---|---|---|
| | Estela Wells, Internal Revenue Agent | 1339163 | 03/09/2018 |
| | Office Location: 9450 Koger Blvd, Mail Stop 4205, St. Petersburg, FL 33702 | | Phone: 727-318-6170 Fax: 877-762-1207 |

| Form 4564 (Rev. September 2006) | Department of the Treasury – Internal Revenue Service **Information Document Request** | Request Number 002-0002 |
|---|---|---|

| To: *(Name of Taxpayer and Company Division or Branch)* LEO J GOVONI & JANE M GOVONI | Subject Examination of 2014 Federal Tax Return | |
|---|---|---|
| | SAIN number | Submitted to: LEO J GOVONI & JANE M GOVONI |
| *Please return Part 2 with listed documents to requester identified below* | Dates of Previous Requests (mmddyyyy) | |

Description of documents requested

Tax Period(s): 201412

16.) The following Partnership K-1's showed Self Employment Earnings totaling $3,943,187. Please state reason and authority why self-employment earnings listed on the following K-1's were not reported on the return.
  a. Boston Finance Group for each spouse $2,508,537 and $228,049
  b. Boston Settlement Group $1,189,977
  c. Restruck SPB Investor $18,172
  d. The Colby Company $(1,548)

## Schedule C Expenses

17.) Please provide list of employees for each entity, copies of W-2's and total number of hours worked by each in 2014 (if applicable)

?. 18.) Boston Holding Company, LLC shows legal and professional fees of $306,000. Please provide supporting documentation and explanation for expense.

19.) Boston Holding Company, LLC shows Meals and Entertainment expense of $35,765. Please explain why this expense was so high when there were $0 gross receipts reported.

20.) Fiduciary Tax Services shows legal and professional fees of $500,982. Please provide supporting documentation and explanation for expense.

21.) Olympus Foundation Management, LLC shows legal and professional fees of $145,222. Please provide supporting documentation and explanation for expense.

22.) The following business show high wages and/or contract labor relative to Gross Receipts reported. Please provide explanation for why wages are significantly higher than Gross Receipts. The amounts below include contract labor, if applicable.
  a. Boston Holding Company, LLC $286,673 / $0 Gross Receipts
  b. Broadleaf Management, LLC $157,728 / 105% of Gross Receipts
  c. Olympus Foundation Management, LLC $366,573 / 262% of Gross Receipts
  d. Seaboard Manufacturing, LLC $424,228 / 211% of Gross Receipts
  e. White Line Creative, LLC $530,387 / 742% of Gross Receipts

## Tour of Business

Information due by 04/26/2018 At next appointment ☐ Mail in ☒

| From: | Name and Title of Requester | Employee ID number | Date (mmddyyyy) |
|---|---|---|---|
| | Estela Wells, Internal Revenue Agent | 1339163 | 03/09/2018 |
| | Office Location: 9450 Koger Blvd<br>Mail Stop 4205<br>St. Petersburg, FL 33702 | | Phone: 727-318-6170<br>Fax: 877-762-1207 |

| Form **4564** (Rev September 2006) | Department of the Treasury – Internal Revenue Service **Information Document Request** | Request Number 002-0002 |
|---|---|---|

| | | |
|---|---|---|
| To: *(Name of Taxpayer and Company Division or Branch)* LEO J GOVONI & JANE M GOVONI | Subject Examination of 2014 Federal Tax Return | |
| | SAIN number | Submitted to LEO J GOVONI & JANE M GOVONI |
| *Please return Part 2 with listed documents to requester identified below* | Dates of Previous Requests (mmddyyyy) | |

Description of documents requested

Tax Period(s). 201412

A tour of business will be scheduled for Seaboard Manufacturing, LLC.

**Other**

Additional information may be requested as needed for examination.

Information due by 04/26/2018 At next appointment ☐ Mail in ☒

| | | | |
|---|---|---|---|
| From: | Name and Title of Requester: Estela Wells, Internal Revenue Agent | Employee ID number: 1339163 | Date (mmddyyyy): 03/09/2018 |
| | Office Location: 9450 Koger Blvd, Mail Stop 4205, St Petersburg, FL 33702 | | Phone 727-318-6170 Fax. 877-762-1207 |

## Schedule E - Flow Through Summary

**Taxpayer:** Leo Govoni
**TIN:** 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
**Tax Form:** 1040
**Tax Year:** 201412

**Examiner:** Estela Wells
**Date:** 3/8/2018

| # | Entity | EIN | Type | Owner | Return Total | Per K-1 | Difference | Explanation for Variance |
|---|---|---|---|---|---|---|---|---|
| 1 | Austin Colby Co. | 59-3323939 | 1120S | Leo Govoni | - | (3,113,869) | 3,113,869 | Basis Limitations |
| 2 | Boston Asset Management | 59-3132513 | 1120S | Leo Govoni | 1,748 | 1,748 | - | |
| 3 | Boston Capital Leasing | 80-0896208 | 1065 | Leo Govoni | (444) | (305,878) | 305,434 | |
| | Boston Capital Leasing PY PAL | 80-0896208 | 1065 | | (6,788) | - | (6,788) | |
| 4 | Boston Finance Group (TP) Amended | 26-4511901 | 1065 | Leo Govoni | (312,970) | (341,704) | 28,734 | |
| | Boston Finance Group (TPS) Amended | 26-4511901 | 1065 | Jane Govoni | 2,145 | (31,064) | 33,209 | |
| | Boston Finance Group Basis C/O | 26-4511901 | 1065 | | (1,389,639) | - | (1,389,639) | |
| | Boston Finance Group Basis C/O | 26-4511901 | 1065 | | (3,051) | - | (3,051) | |
| 5 | Boston Settlement Group | 77-0643082 | 1065 | Leo Govoni | 393,091 | 393,091 | - | |
| 6 | Broadleaf Property Management | 26-3557373 | 1065 | Leo Govoni | (178,105) | | (178,105) | |
| 7 | Check in For Good | 45-3753317 | 1065 | Gravitas Tech LLC | (200,689) | (99,445) | (101,244) | |
| 8 | Elder Care Alliance | 59-3527489 | 1120S | Leo Govoni | (617) | (617) | - | |
| 9 | Goshen Forest | 45-5528782 | 1065 | Broadleaf Forest LLC | 437 | 437 | - | |
| 10 | Gravitas Equity Partners | 26-3937207 | 1065 | Leo Govoni | 56,475 | 56,255 | 220 | |
| 11 | Macomb Black or Red Entertainment | 45-3735474 | | | (13,569) | | (13,569) | Missing K-1 |
| 12 | Precision Flight Systems | 46-2822738 | 1065 | Gravitas Tech LLC | (182,154) | (332,521) | 150,367 | |
| 13 | Restruck SPB Investor | 45-5590656 | 1065 | Gravitas II, LLC | (30,287) | 2,115 | (32,402) | |
| 14 | Seaboard Craft Beer Holdings | 46-2258386 | 1065 | Leo Govoni | (85,934) | (272,173) | 186,239 | |
| 15 | The Colby Company | 26-4512556 | 1065 | Leo Govoni | (1,530) | (1,530) | - | |
| 16 | Webonise US LLC (Final K-1) | 46-1546099 | 1065 | Gravitas Tech LLC | 79,348 | 79,348 | - | |
| | | | | | **(1,872,533)** | **(3,965,807)** | **2,093,274** | |