**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re: | Case No. 8:24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Chapter 11 |
| Debtor. | |
| | |
| MICHAEL GOLDBERG, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc. | |
| Plaintiff, | |
| v. | Adv. Pro. No. 8:24-ap-00139-RCT |
| BOSTON FINANCE GROUP, LLC, a Florida limited liability company and LEO J. GOVONI, an individual, | |
| Defendants. | |

**CHAPTER 11 TRUSTEE'S EMERGENCY MOTION
TO COMPEL TURNOVER OF FUNDS AND FOR SANCTIONS**

Michael Goldberg, the Chapter 11 Trustee ("Chapter 11 Trustee"), by and through undersigned counsel, files this Motion (the "Motion") requesting entry of an order compelling the turnover of funds from Jane Govoni ("J. Govoni"), Leo Govoni's ("Govoni") wife, and Leo J. Govoni ("LJ Govoni") and Caitlin Janicki ("Janicki"), Govoni's son and daughter, and for sanctions against J. Govoni, LJ Govoni, and Janicki for violations of the Court's Temporary Restraining Order and the Preliminary Injunctions entered in the case, and in support of the relief requested states the following:

1.	On January 13, 2025, the Court entered a Temporary Restraining Order, barring "the Defendants[1] — as well as anyone acting on their behalf or in concert or participation with them … from directly or indirectly encumbering, liquidating, transferring, spending, diminishing, or otherwise disbursing the assets of any of the Alter Ego Entities identified in Exhibit A to this Order." *See* Doc. No. 45. Later, on January 28 and February 6, 2025, the Court entered preliminary injunctions with the same language. *See* Docket Nos. 61 & 65.

2.	The Chapter 11 Trustee owns and holds a final judgment against Leo Govoni, in excess of $120 million.

3.	Over the past several months, the Chapter 11 Trustee has been attempting to take discovery from Mr. Govoni, to enforce the final judgment and determine where Mr. Govoni has hidden proceeds from dozens of sales of real property, including $1.6 million in proceeds from the sale of real property owned by Artspace Properties, LLC.

4.	On or about May 29, 2025 and June 17, 2025, two final judgments were entered in favor of the Chapter 11 Trustee and against Artspace Properties, LLC – an entity that was once wholly-owned by Leo Govoni but is now wholly-owned by the Chapter 11 Trustee – in the amounts of $623,312.76 and $1,554,252.52, respectively. As of the date of this Motion, those final judgments remain completely unsatisfied. *See* Case No. 25-000273-CI (Fla. 6th Jud. Cir. May 29, 2025); *see also* 8:25-ap-0006-RCT, Doc. 19.

5.	On June 18, 2025, Govoni was indicted on fifteen counts: conspiracy to commit mail fraud and wire fraud (Count One); mail fraud (Counts Two through Five); wire fraud (Counts Six through Eleven); money laundering conspiracy (Count Twelve); bank fraud (Count Thirteen); illegal monetary transactions (Count Fourteen); and false bankruptcy declaration (Count Fifteen). (Doc. # 1).

---

[1] Boston Finance Group LLC and Govoni in Adversary No. 8:24-ap-00139-RCT.

82336503;1

These alleged crimes As of the date of this Motion, however, they have produced nothing. (the "Govoni Criminal Case"). The Govoni Criminal Case is pending before the District Court for the Middle District of Florida before Judge Virginia M. Hernandez Covington (Case No. 8:25-cr-299-VMC-NHA).

6. On July 18, 2025 the District Court, in denying Govoni's request for pretrial release provided a laundry list of reasons[2] for denying Govoni's pretrial release, including the transfer of "at least a million dollars" out of "his jointly owned personal accounts into accounts that were solely in his wife's name." (Docket No. 64, p.5 in the Govoni Criminal Case). The Order denying Govoni's request for pretrial release is attached as Exhibit A to this Motion.

7. Upon information and belief, much of the money in those joint accounts were proceeds from sales of Artspace's real property.

8. Moreover, at a June 12, 2025 hearing on before this Court, on the Trustee's Motion for Order to Show Cause against Mr. Govoni (Docket No. 82) and an Emergency Motion for Sanctions also against Mr. Govoni (Docket No. 113), when questioned about the missing sale proceeds, Mr. Govoni's own attorney said that they were deposited into a joint account, retitled to remove Mr. Govoni from that account, and then transferred by J. Govoni to her children, as follows: "fifty thousand dollars to her son and fifty thousand dollars to her daughter." (Hearing Transcript June 12, 2025 28:11-28:20 attached hereto as Exhibit B).

9. The Trustee has been able to trace some of the million dollars in transfers alleged by the Government in the Govoni Criminal Case:

    a) Bank of America Account No. -1421 titled jointly to Govoni and J. Govoni had $173,817.91 in the account as of the March 9, 2024 – April 9, 2024 bank statement, which account was then retitled solely in the name of J. Govoni. (attached hereto as Exhibit C).

---

[2] Incorporated herein by reference since the District Court's ruling lays out a pattern of complete disregard for this Court's orders, the Trustee's efforts to recover funds, and victims.

82336503;1

    *b)* Bank of America Account No. -6027 titled jointly to Govoni and J. Govoni had a $120,609.61 in the account as of the May 9, 2024 to June 5, 2024 bank statement, which account was then retitled solely in the name of J. Govoni. (attached hereto as Exhibit D). *Its important to note that $100,000 of the funds in this account originated from BoA Account No. 1421 after it was retitled solely in the name of J. Govoni.*

10. In total J. Govoni received at least $194,427.52 (together the "Transferred Estate Funds") of funds likely originating from the unauthorized transfers/loans by the Debtor to related entities at the behest of Govoni (through the Artspace entity). These funds were then later further dissipated by J. Govoni sometime in 2024 or 2025, to her son and daughter, who either currently hold up to $100,000 of estate funds in hand, or further dissipated those funds in violation of the Court's temporary/preliminary injunctions.

### Basis for Relief Requested

11. Section 542(e) provides, in pertinent part:

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

11 U.S.C. § 542(e).

12. A chapter 11 bankruptcy estate is comprised of "any interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7). Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of "any act to. . . exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Further, actions taken in violation of the automatic stay are void. *See United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006) ("It is the law of this Circuit that '[a]ctions taken in violation of the automatic stay are void and without effect.'").

4

13. Congress included "orders to turn over property of the estate" among the "core" proceedings that bankruptcy judges "may hear and decide." 28 U.S.C. § 157(b)(2)(E). Indeed, this Court's "exercise of exclusive jurisdiction over all the debtor's property" is one of the "[c]ritical features of every bankruptcy proceeding." *In re Garcia,* 471 B.R. 324, 329 (Bankr. D.P.R. 2012) (quoting *Central Va. Comm. College v. Katz,* 546 U.S. 356, 363-64, 126 S. Ct. 990, 163 L. Ed. 2d 945 (2006)); *accord In re SE Materials, Inc.,* 467 B.R. 337 (Bankr. M.D.N.C. 2012). A party who knowingly refuses to turnover property of an estate following request violates the automatic stay. *In re Underground, LLC*, 2010 WL 4642054, at *1 (Bankr. D. Wyo. 2010) ("[A] refusal to turn over property is a violation of the automatic stay."); *In re Williams*, 316 B.R. 534, 543 (Bankr. E.D. Ark. 2004) (finding that GMAC's failure to turn over the debtor's property, once it became aware of the bankruptcy filing, constituted a willful violation of the automatic stay); *In re Metromedia Fiber Network, Inc.*, 290 B.R. 487, 490 (Bankr. S.D. N.Y. 2003) ("This Court agrees with those decisions holding that refusal to turn over property of a debtor's estate to the debtor upon demand constitutes an "exercise of control" over the debtor's property within the scope of § 362(a)(3).").

14. Because the Transferred Estate Funds originate from Debtor funds, either directly or through myriad webs of transactions, these funds must be turned over to the Trustee for administration in this case pursuant to Section 542.

15. Further, sanctions are appropriate against J. Govoni for further transferring estate assets to LJ Govoni and Janicki in violation of the Court's temporary/preliminary injunctions and against LJ Govoni and Janicki to the extent they further dissipated the Transferred Estate Funds and are unable to turn them over to this estate.

82336503;1

WHEREFORE, the Chapter 11 Trustee requests this Court enter an order: (i) compelling the turnover of the Transferred Estate Funds from J. Govoni, LJ Govoni, and Janicki; (ii) sanctioning J. Govoni for violating the Court's temporary/preliminary injunctions; (iii) sanctioning LJ Govoni and Janicki to the extent they are unable to turnover the $100,000 in Transferred Estate Funds they received in violation of the Court's temporary/preliminary injunctions; and (iv) for any other relief the Court deems appropriate and equitable under the circumstances.

Respectfully submitted,

AKERMAN LLP

By: */s/ John L. Dicks II*
    John L. Dicks II, Florida Bar No.: 89012
    Primary Email: john.dicks@akerman.com
    Secondary Email: judy.barton@akerman.com
    Steven R. Wirth, Florida Bar No.: 170380
    Email: steven.wirth@akerman.com
    Raye C. Elliott, Florida Bar No.: 18732
    Email: raye.elliott@akerman.com
    401 East Jackson Street, Suite 1700
    Tampa, Florida 33602
    Telephone: (813) 223-7333
    Facsimile: (813) 223-2837

*Counsel for Chapter 11 Trustee, Michael Goldberg*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and via U.S. Mail to the parties identified below.

>  */s/ John L. Dicks II*
>  Attorney

SERVICE LIST

| Jane Govoni | Caitlin Govoni Janicki | LJ Govoni c/o |
|---|---|---|
| 14109 Spoonbill Lane | 2612 Heron Lane N. | Alec Mitchell Waid |
| Clearwater, FL 33762 | Clearwater, FL 33762 | Battaglia, Ross, Dicus & McQuaid, P.A. |
| | | 5858 Central Ave Ste A |
| | | Saint Petersburg, FL 33707-1716 |
| | | (email alewi@brdwlaw.com) |

82336503;1