**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re: | Case No. 8:24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Chapter 11 |
| Debtor. | |
| MICHAEL GOLDBERG, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc. | |
| Plaintiff, | |
| v. | Adv. Pro. No. 8:24-ap-00139-RCT |
| BOSTON FINANCE GROUP, LLC, a Florida limited liability company and LEO J. GOVONI, an individual, | |
| Defendants. | |

**CHAPTER 11 TRUSTEE'S REPLY**
**TO RESPONSE OF DR. JANE GOVONI TO EMERGENCY**
**MOTION TO COMPEL TURNOVER OF FUNDS AND FOR SANCTIONS**

Michael Goldberg, the Chapter 11 Trustee ("Chapter 11 Trustee"), by and through undersigned counsel, hereby files this Reply to the Response of Dr. Jane Govoni (Doc. 170) (the "Response") to the Chapter 11 Trustee's Emergency Motion to Compel Turnover of Funds and for Sanctions (Doc. 158) (the "Motion"), and states:

    I.    **The Response Does Not Refute the Core Factual Basis for Turnover**

1. Dr. Jane Govoni ("J. Govoni") admits that a least one of the accounts identified in the Motion, including Bank of America account ending in 1421, was a joint accounts held with Leo Govoni ("L. Govoni") until mid-2024.

83868185;1

2. She further admits that she removed L. Govoni from such joint account in June 2024 and subsequently opened a new $200,000 certificate of deposit (later converted to a savings account) solely in her name at Bank of America.

3. Those actions occurred after entry of this Court's Temporary Restraining Order and Preliminary Injunctions prohibiting L. Govoni and "anyone acting in concert or participation with him" from transferring, encumbering, or dissipating estate-related assets.

4. Accordingly, even if certain deposits were sourced from J. Govoni's employment or insurance proceeds, her own admissions establish that she participated in retitling and consolidating joint accounts that held proceeds traceable to estate assets in direct contravention of the Court's injunctions.

    II.    **The Record Establishes That the Funds in Question Are Estate Property or Traceable Therefrom**

5. The Chapter 11 Trustee's tracing analysis (Motion ¶¶9–10) demonstrates that accounts ending in 1421 and 6027 held at least $173,817.91 and $120,609.61, respectively, when jointly titled to Leo and J. Govoni, and that both were subsequently retitled solely in J. Govoni's name.

6. These funds are consistent with the $1 million in transfers identified in the criminal proceedings against L. Govoni as having been diverted "from jointly owned personal accounts into accounts solely in his wife's name" (Docket No. 64, p.5 in the Govoni Criminal Case).

7. The Chapter 11 Trustee's investigation and the District Court's findings in *United States v. Govoni*, Case No. 8:25-cr-299-VMC-NHA, confirm that these accounts were used as vehicles to conceal and transfer proceeds from Artspace Properties, LLC and related entities that the Court has already found to be alter egos of the Debtor.

8.      J. Govoni's assertion that no sale proceeds were deposited into the joint accounts is unsupported and contradicted by both banking records and sworn statements made by counsel for L. Govoni during the June 12, 2025 hearing, where it was admitted that the joint account was retitled and that $50,000 each was transferred to the Govoni children.[1]

### III. Dr. Govoni's Response Confirms Further Dissipation of Traceable Funds

9.      By her own account, J. Govoni transferred at least $80,000 from two other Bank of America accounts (Nos. 6399 and 6409) into account No. 1421, then moved $200,000 into a new account in her sole name.

10.     Whether characterized as "her own" funds or mixed funds, those transfers constitute commingling and concealment of property traceable to the Debtor's estate. The Chapter 11 Trustee is entitled to turnover under 11 U.S.C. § 542(a) for property of the estate and under § 105(a) to enforce compliance with the Court's injunctions.

### IV. The Relief Requested Remains Appropriate

11.     The Response provides no documentation substantiating the claimed origin of the $164,023.09 she identifies as "solely [her] funds." Response at 9. No bank statements, payroll records, or insurance documentation were attached or produced, despite multiple requests and prior discovery orders.

12.     Given the overlapping accounts, timing of transfers, and the federal court's express findings that L. Govoni moved "at least a million dollars" into accounts in his wife's name to obstruct asset recovery, the Chapter 11 Trustee's request for turnover and sanctions is both warranted and necessary to preserve estate property and protect creditors.

---

[1] When questioned about the missing sale proceeds, Mr. Govoni's own attorney said that they were deposited into a joint account, retitled to remove Mr. Govoni from that account, and then transferred by J. Govoni to her children, as follows: "fifty thousand dollars to her son and fifty thousand dollars to her daughter." (Hearing Transcript June 12, 2025 28:11-28:20).

13. Finally, it is now clear that the children are not in possession of any of the funds, so the Chapter 11 Trustee does not intend to pursue any relief from them.

WHEREFORE, the Chapter 11 Trustee respectfully requests that this Court enter an order:

a) Granting all relief as requested in the Motion;

b) Compelling Dr. Jane Govoni to turn over all funds held in any account derived in whole or in part from Bank of America accounts ending in 1421, 6027, 6399, and 6409;

c) Directing her to provide complete account statements and documentation of the purported "separate" funds within ten (10) days;

d) Imposing appropriate sanctions for violation of the Court's injunctions; and

e) Granting such other and further relief as is just and proper.

Respectfully submitted,

AKERMAN LLP

By: */s/ John L. Dicks II*
John L. Dicks II, Florida Bar No.: 89012
Primary Email: john.dicks@akerman.com
Secondary Email: judy.barton@akerman.com
Steven R. Wirth, Florida Bar No.: 170380
Email: steven.wirth@akerman.com
Raye C. Elliott, Florida Bar No.: 18732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

*Counsel for Chapter 11 Trustee, Michael Goldberg*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 14, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and via email to jconway@southbank.legal (counsel for Caitlin Janicki), awaid@brdwlaw.com (counsel for LJ Govoni), and buddy@tampaesq.com (counsel for Jane Govoni).

*/s/ John L. Dicks II*